The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAIME PLASCENCIA and CECELIA PLASCENCIA,<br><br>  Plaintiff,<br><br>  v.<br><br>COLLINS ASSET GROUP, LLC and DANIEL N. GORDON PC d/b/a GORDON, AYLWORTH & TAMI, P.C.,<br><br>  Defendants. | Case No. 2:17-CV-01505-MJP<br><br>**JOINT STATUS REPORT AND DISCOVERY PLAN** |

Pursuant to the Court's Order of November 30, 2017 (Dkt. 18), the parties hereby submit this Joint Status Report and Discovery Plan and inform the Court as follows.

**1. Statement of the Nature and Complexity of the Case.**

Plaintiff s Jamie and Cecelia Plascencia bring this lawsuit against defendants Collins Asset Group, LLC, a corporation formed under the laws of Delaware, and Daniel N. Gordon, PC dba Gordon Aylworth & Tami, PC, an Oregon law firm, for damages arising from alleged improper debt collection activities against plaintiffs. This case was commenced on October 6, 2017. Both defendants have appeared and filed Answers.

/ / /

**JOINT STATUS REPORT AND DISCOVERY PLAN -** Page 1
2:17-CV-01505-MJP

Doc No. 1132401

KEATING JONES HUGHES P.C.
One Southwest Columbia Street, Suite 800
Portland, Oregon 97258-2095
(503) 222-9955

Plaintiffs allege defendants improperly attempted to collect on an unsecured promissory note owed by plaintiffs. Plaintiffs asserts the defendants' collection activities violated several provisions of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, (herein "FDCPA"), as well as several provisions of Washington State law. In addition to the monetary damages provided for under these statutes, plaintiff also seeks injunctive relief against the defendants' future debt collection activity.

This case is not factually or procedurally complex.

**2. Proposed Deadline to Join Additional Parties.**

The parties agree that additional parties will be joined by **February 16, 2018.**

**3. Consent to Magistrate.**

No.

**4. Proposed Discovery Plan.**

The parties' discovery plan, incorporating the parties' views and proposals on all items in Fed. R. Civ. P. 26(f)(3), is below.

*A. Initial Disclosures.*

The parties will exchange initial disclosures **January 11, 2018**, which is the deadline set forth by the Court in its Order of January 8, 2018 (Dkt. 28).

*B. Subjects, Timing, and Potential Phasing of Discovery.*

The parties agree that discovery will be framed by the pleadings. The parties do not anticipate needing to phase discovery at this time. The parties agree to a fact discovery cut-off date of **October 4, 2018**.

*C. Electronically Stored Information.*

The parties have reported to each other generally regarding the nature, location, and scope of ESI in their possession. The parties have informed their respective clients of the need to protect and preserve ESI within their possession that may be relevant to this case. Because this case is not procedurally or factually complex, the parties do not anticipate there will be much, if

**JOINT STATUS REPORT AND DISCOVERY PLAN -** Page 2
2:17-CV-01505-MJP

Doc No. 1132401

**KEATING JONES HUGHES P.C.**
One Southwest Columbia Street, Suite 800
Portland, Oregon 97258-2095
(503) 222-9955

any, ESI discovery required. Accordingly, the parties do not feel a formal ESI discovery order is necessary at this time. In the event any issues with discovery or production of ESI arise that the parties cannot resolve informally, the parties agree such disputes should be presented to the Court using LCR 37(a)(2)'s expedited joint motion procedure. Should an ESI discovery order become necessary later in the case, the parties agree to jointly prepare such an order for the court's review and entry.

### D. Privilege Issues.

The parties shall assert attorney-client privilege, attorney work product protection, or any other applicable privilege or protection in response to any specific discovery requests to which one or more of the privileges apply. The parties shall further affirmatively indicate within their discovery responses whether privileged documents exist and are being withheld on the basis of an asserted privilege. Privilege logs will be produced concurrently with each party's discovery responses. *See also*, Section 4.E, *infra*.

### E. Proposed Limitations on Discovery.

Defendant Gordon Aylworth & Tami, PC are the attorneys for defendant Collins Asset Group, LLC. At all relevant times, there existed an attorney-client relationship between the two defendants. The parties understand that this relationship may impact the scope of discoverable information. The scope and application of the attorney-client privilege to discovery in this case will be governed by the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and by any applicable Local Rule or case law. Beyond recognizing this privilege issue and its potential impact on the case, the parties do not anticipate the need for any changes or limitations on discovery at this time. The parties reserve the right to seek modifications in the future.

### F. Need for Discovery Related Orders.

The parties anticipate the need for a protective order to govern the use of information in discovery designated as "confidential." The parties agree to use the Model Stipulated Protective Order, as modified by mutual agreement. A proposed Stipulated Protective Order will be filed

**JOINT STATUS REPORT AND DISCOVERY PLAN -** Page 3
2:17-CV-01505-MJP

Doc No. 1132401

KEATING JONES HUGHES P.C.
One Southwest Columbia Street, Suite 800
Portland, Oregon 97258-2095
(503) 222-9955

with the Court soon.

The parties request the Court enter an Order pursuant to Fed. R. Evid. 502(d).

**5. Views on Rule 26(f)(1) Items.**

The parties' views, proposals and agreements on all items set forth in Local Civil Rule 26(f)(1) are as follows:

*A. Prompt Case Resolution.*

The parties are open to informal settlement discussions at the present time and anticipate being amenable to such discussions as the case progresses.

*B. Alternative Dispute Resolutions.*

In the interest of resolving this matter in a just, timely, and cost-effective manner, the parties will consider resolution by private mediation.

*C. Related Cases.*

The underlying breach of contract case which gives rise to plaintiffs' claims in this case remains pending in Washington State District Court. The case is styled: *Collins Asset Group, LLC v. Jamie Plascencia and Cecelia Plascencia*, King County District Court South Division (Burien Courthouse) Case No. 172-14488.

*D. Discovery Management.*

See Paragraph 4.C, *supra*. The parties agree that discovery requests, responses, initial disclosures, deposition notices, and other case-related materials not filed with the Court can be served electronically via email. The parties agree that any discovery disputes should be presented to the Court using LCR 37(a)(2)'s expedited joint motion procedure.

*E. Anticipated Discovery Sought.*

See Paragraph 4.B, *supra*. The parties further respond to this topic as follows:

**Plaintiffs** currently intends to conduct discovery on the following topics:

1. Collection of installment notes related to mortgage loan debts after foreclosure.

**JOINT STATUS REPORT AND DISCOVERY PLAN -** Page 4
2:17-CV-01505-MJP

Doc No. 1132401

KEATING JONES HUGHES P.C.
One Southwest Columbia Street, Suite 800
Portland, Oregon 97258-2095
(503) 222-9955

2. Collection of installment notes related to mortgage loan debts after charge-off.

3. Collection of installment notes related to mortgage loan debts after transfer from successors in interest.

4. The handling and processing of disputes from consumers regarding the collection of installment notes related to mortgage loan debts.

5. The issuance of debt collection letters and debt communications.

6. The mailing of written monthly statements for installment notes related to mortgage debt after a foreclosure.

7. Collection lawsuits for installment notes related to mortgage loan debts.

8. Processes and procedures related to collection lawsuits for installment notes related to mortgage loan debts.

9. The chain of title from the originator Mortgage Lender Network, USA, Inc. through the various transfers to the purported owner of the installment note at issue in this case.

**Defendant Collins Asset Group, LLC** currently intends to conduct discovery on the following topics:

1. The suitability of plaintiffs to act as class representatives.

2. The suitability of plaintiffs' counsel to act as class counsel.

3. The reasons why the plaintiffs continue to refuse to pay the debt at issue.

4. The basis for plaintiffs' allegations.

**Defendant Gordon Aylworth & Tami, PC** currently intends to conduct discovery on the following topics:

1. All communications between plaintiffs and the original creditor and any subsequent creditor related to the debt at issue.

2. All communications between plaintiffs and the defendants at any time.

3. Plaintiffs' contact information, including phone numbers and mailing addresses, from 2006 to present.

4. Any topic identified by any other party to this case.

/ / /

**JOINT STATUS REPORT AND DISCOVERY PLAN -** Page 5
2:17-CV-01505-MJP

Doc No. 1132401

KEATING JONES HUGHES P.C.
One Southwest Columbia Street, Suite 800
Portland, Oregon 97258-2095
(503) 222-9955

*F. Phasing Motions.*

The parties do not anticipate filing any phasing motions at this time. If a party later concludes that issues in this case require phasing, those matters will be promptly brought to the attention of the court and parties.

*G. Preservation of Discoverable Information.*

The parties have undertaken efforts to preserve potentially discoverable information in their respective possession, custody and control.

*H. Privilege Issues.*

See Paragraph 4.E, *supra*.

The parties agree that information inadvertently produced in discovery that is otherwise privileged or protected work product shall be immediately returned to the producing party, sequestered, or destroyed, except that the receiving party may retain a copy of the information solely for the purpose of challenging the designation of privilege or work product pursuant to Fed. R. Civ. P. 26(b)(5). Inadvertent production shall not constitute a waiver of such protection, if (i) such information appears on its face to have been inadvertently produced, or (ii) the producing party provides notice within a reasonable amount of time after the inadvertent production.

The parties request the court enter an order pursuant to Fed. R. Evid. 502(d).

*I. Model Protocol for Discovery of ESI.*

See Paragraph 4.C, *supra*.

*J. Alternatives to Model Protocol.*

See Paragraph 4.C, *supra*.

/ / /

/ / /

/ / /

/ / /

**JOINT STATUS REPORT AND DISCOVERY PLAN** - Page 6
2:17-CV-01505-MJP

Doc No. 1132401

KEATING JONES HUGHES P.C.
One Southwest Columbia Street, Suite 800
Portland, Oregon 97258-2095
(503) 222-9955

**6. Discovery and Pleading Deadlines.**

| Event | Deadline |
|---|---|
| Exchange Initial Disclosures | January 11, 2018 |
| Deadline to Join Additional Parties | February 16, 2018 |
| Deadline to Add Claims or Defenses | July 2, 2018 |
| Fact Discovery Cut-Off | October 4, 2018 |
| Expert Discovery Deadline | November 5, 2018 |
| Dispositive Motions Deadline | December 3, 2018 |
| Trial | At least 60-days following final resolution of dispositive motions |

**7. Bifurcation.**

The parties do not anticipate any bifurcation of issues at trial at this time. If a party later concludes that issues in this case require bifurcation, those matters will be promptly brought to the attention of the court and parties.

**8. Pretrial Statements.**

The parties believe the pretrial statements and pretrial order called for by Local Civil Rules 16(e), (h), (i), and (k), and 16.1 should be utilized in this case.

**9. ADR / Individualized Trial Program.**

If the matter is not dismissed on dispositive motions, the parties prefer private mediation at the close of discovery. The parties decline an Individualized Trial Program for this case.

**10. Suggestions for Shortening or Simplifying the Case.**

At present, the parties do not have any other suggestions for shortening or simplifying the case.

**11. Trial Date.**

At least 60-days after resolution of dispositive motions, if any, or 60-days following the dispositive motions deadline if no motions are filed.

**12. Jury or Non-Jury Trial.**

Plaintiffs request a jury trial. Neither defendant requests a jury trial. Any claim for

**JOINT STATUS REPORT AND DISCOVERY PLAN -** Page 7
2:17-CV-01505-MJP

Doc No. 1132401

KEATING JONES HUGHES P.C.
One Southwest Columbia Street, Suite 800
Portland, Oregon 97258-2095
(503) 222-9955

injunctive relief should be resolved by the court.

**13. Trial Days.**

The parties expect this case will require 3 trial days.

**14. Trial Counsel.**

The names, addresses, and telephone numbers of all trial counsel are listed below as undersigned counsel.

**15. Trial Date Conflicts.**

The parties assume any trial in this matter will occur after February 1, 2019. Based on that understanding:

- Plaintiffs do not have any known conflicts after February 1, 2019, at this time.
- Defendant Collins Asset Group, LLC has conflicts in February 2019. Defendant Collins Asset Group requests a trial date after June 1, 2019.
- Defendant Gordon Aylworth & Tami, PC does not have any known conflicts after February 1, 2019, at this time.

**16. Service.**

Plaintiff s have effected service on all defendants.

**17. Scheduling Conference.**

Absent a material deviation or specific request from the court, the parties do not require a scheduling conference with the Court before it enters a scheduling order in this case.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**JOINT STATUS REPORT AND DISCOVERY PLAN -** Page 8
2:17-CV-01505-MJP

Doc No. 1132401

KEATING JONES HUGHES P.C.
One Southwest Columbia Street, Suite 800
Portland, Oregon 97258-2095
(503) 222-9955

**18. Initial Disclosure Statements – LR. 7-1.**

Defendant Gordon Aylworth & Tami, P.C. filed its initial corporate disclosure statement on November 21, 2017 (Dkt. 9). Collins Asset Group, LLC filed its initial corporate disclosure statement on December 19, 2017 (Dkt. 25).

DATED this 11th day of January, 2018.

| HENRY & DEGRAAFF, PS | KEATING JONES HUGHES, PC |
|---|---|
| *s/ Christina L. Henry* | *s/ Peter Eidenberg* |
| Christina L. Henry, WSBA No. 31273 | Peter Eidenberg, WSBA No. 40923 |
| chenry@hdm-legal.com | peidenberg@keatingjones.com |
| 150 Nickerson St., Suite 311 | One SW Columbia St., Suite 800 |
| Seattle, WA 98109 | Portland, OR 97258 |
| Phone: (206) 330-0595 | Phone: (503) 222-9955 |
| Fax: (206) 400-7609 | Fax: (503) 796-0699 |
| *Of Attorneys for Plaintiff* | *Of Attorneys for Defendant Gordon Aylworth & Tami, PC* |
| Barraza Law, PLLC | LEWIS BRISBOIS BISGAARD & SMITH, LLP |
| *s/ V. Omar Barraza* | *s/ Kathleen A. Nelson* |
| V. Omar Barraza, WSBA No. 43589 | Stephen H. Turner, *pro hac vice* |
| omar@barrazalaw.com | Stephen.Turner@lewisbrisbois.com |
| 14245-F Ambaum Blvd SW | Kathleen A. Nelson, WSBA No. 22826 |
| Burien, WA 98166 | Kathleen.Nelson@lewisbrisbois.com |
| Phone: (206) 933-7861 | 1111 Third Avenue, Suite 2700 |
| Fax: (206) 933-7863 | Seattle, Washington 98101 |
| *Of Attorneys for Plaintiff* | Phone: (206) 436-2020 |
| | Fax: (206) 436.2030 |
| | *Of Attorneys for Defendant Collins Asset Group, LLC* |

**JOINT STATUS REPORT AND DISCOVERY PLAN -** Page 9
2:17-CV-01505-MJP

Doc No. 1132401

KEATING JONES HUGHES P.C.
One Southwest Columbia Street, Suite 800
Portland, Oregon 97258-2095
(503) 222-9955

# CERTIFICATE OF SERVICE

I hereby certify that on January 11, 2018, I electronically filed the foregoing **JOINT STATUS REPORT AND DISCOVERY PLAN** with the United States District Court for the Western District of Washington at Seattle by using the CM/ECF system. I certify that the following parties or their counsel of record are registered as ECF Filers and that they will be served by the CM/ECF system:

| | |
|---|---|
| Christina L. Henry<br>HENRY & DEGRAAFF, PS<br>150 Nickerson St., Suite 311<br>Seattle, WA 98133<br>Phone: (206) 330-0595<br>Email: chenry@HDM-legal.com<br>Of Attorneys for Jaime and Cecelia Plascencia | V. Omar Barraza<br>BARRAZA LAW, PLLC<br>14245F Ambaum Blvd SW<br>Burien, WA 98166-1421<br>Phone: (206) 933-7861<br>Email: omar@barrazalaw.com<br>Of Attorneys for Jaime and Cecelia Plascencia |
| Kathleen A. Nelson<br>LEWIS BRISBOIS BISGAARD & SMITH LLP<br>1111 Third Avenue, Suite 2700<br>Seattle, WA 98101<br>Phone: (206) 436-2020<br>Email: Kathleen.Nelson@lewisbrisbois.com<br>Of Attorneys for Defendant Collins Asset Group, LLC | Stephen H. Turner<br>LEWIS BRISBOIS BISGAARD & SMITH LLP<br>633 West 5th Street<br>Los Angeles, CA 90071<br>Phone: (213) 680-5081<br>Email: Stephen.Turner@lewisbrisbois.com<br>Of Attorneys for Defendant Collins Asset Group, LLC |

KEATING JONES HUGHES, P.C.

*s/ Peter Eidenberg*
Peter Eidenberg, WSBA No. 40923
peidenberg@keatingjones.com, FAX 503-796-0699
Robert E. Sinnott, WSBA No. 46170
rsinnott@keatingjones.com
Of Attorneys for Daniel N. Gordon PC d/b/a Gordon Aylworth & Tami, P.C.

**JOINT STATUS REPORT AND DISCOVERY PLAN -** Page 10
2:17-CV-01505-MJP

Doc No. 1132401

**KEATING JONES HUGHES P.C.**
One Southwest Columbia Street, Suite 800
Portland, Oregon 97258-2095
(503) 222-9955