1

2

3

4

5

6

7

8

9

Honorable Marsha J Pechman

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| JAIME PLASCENCIA and CECELIA PLASCENCIA, <br><br> Plaintiff, <br><br> v. <br><br> COLLINS ASSET GROUP, LLC and DANIEL N. GORDON PC D/B/A GORDON, AYLWORTH & TAMI, P.C., <br><br> Defendant. | Case No.: 2:17-cv-01505-MJP <br><br> DECLARATION OF CHRISTINA L HENRY IN SUPPORT OF RESPONSE TO MOTION TO STAY PROCEEDINGS |

I, Christina L Henry, declare as follows:

     1.     I am the attorney for the Plaintiffs herein and I have personal knowledge of the facts and if called upon to testify to the truth thereof, I could and would do so.

     2.     I am one of the attorneys for Plaintiffs Jaime Plascencia and Cecelia Plascencia in the above referenced case and I make this declaration in support of Plaintiffs' opposition to the Defendants' Motion to Stay Proceedings.

     3.     Attached hereto as **Exhibit A** is a true and correct copy of the docket for COLLINS ASSET GROUP, LLC VS. JAIME PLASCENCIA AND CECELIA PLASCENCIA, Cause No. 172-14488-CVKCD, in the King County District Court in the State of Washington.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

9.     Attached hereto as **Exhibit B** is a true and correct copy of excerpts from the deposition of the Rule 30(B)(6) Defendant Collins Asset Group, LLC – Michael Crossan, held on August 16, 2018. The deposition transcript is still pending Mr. Crossan's signature.

I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE STATE OF WASHINGTON THAT THE ABOVE IS TRUE AND CORRECT.

Executed this 10th day of September 2018 at Bothell, WA.

*/s/ Christina L Henry*
Christina L Henry

DECLARATION OF CHRISTINA L HENRY IN
SUPPORT OF RESPONSE TO MOTION TO STAY
PROCEEDINGS - 2

HENRY& DEGRAAFF, PS
150 Nickerson St, Ste 311
Seattle, WA  98109
206-330-0595 / 206-400-7609 Fax

# EXHIBIT A

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

DECLARATION OF CHRISTINA L HENRY IN
SUPPORT OF RESPONSE TO MOTION TO STAY
PROCEEDINGS - 3

HENRY& DEGRAAFF, PS
150 Nickerson St, Ste 311
Seattle, WA  98109
206-330-0595 / 206-400-7609 Fax

**King County**

**172-14488-CVKCD**

COLLINS ASSET GROUP, LLC VS. JAIME PLASCENCIA AND CECELIA PLASCENCIA

<u>Summary</u>   <u>Documents</u>   <u>Register of Actions</u>

## Documents

### Documents

Add Filing

| Filed | Description | Filed By | Page Count | |
|---|---|---|---|---|
| 04/11/2018 | Document Rejection Notice | Court | 1 | |
| 03/16/2018 | Affidavit, Declaration or Certification of Mailing - Resubmission **eFiling Accepted** | Plaintiff - COLLINS ASSET GROUP, LLC | 1 | |
| 03/14/2018 | Document Rejection Notice | Court | 1 | |
| 03/14/2018 | Request for Production **eFiling Accepted** | Plaintiff - COLLINS ASSET GROUP, LLC | 4 | |
| 03/14/2018 | Affidavit, Declaration or Certification of Mailing **eFiling Accepted** | Plaintiff | 1 | |
| 03/14/2018 | Misc. Civil Paperwork Requests for Admission **eFiling Accepted** | Plaintiff - COLLINS ASSET GROUP, LLC | 35 | |
| 11/21/2017 | Motion to Strike Hearing | Plaintiff | 2 | |
| 11/20/2017 | Answer to Complaint **eFiling Accepted** | Defendant - JAIME PLASCENCIA Defendant - CECELIA PLASCENCIA | 7 | |
| 11/16/2017 | Misc. Civil Paperwork Motion for Default JUdgment | Plaintiff | 63 | |
| 07/26/2017 | Affidavit, Declaration or Return of Service | Converted | 1 | |
| 07/24/2017 | Notice of Appearance | Converted | 2 | |
| 06/06/2017 | Summons and Complaint | Converted | 15 | |

Copyright © Journal Technologies, USA. All rights reserved.

# EXHIBIT B

DECLARATION OF CHRISTINA L HENRY IN
SUPPORT OF RESPONSE TO MOTION TO STAY
PROCEEDINGS - 4

HENRY& DEGRAAFF, PS
150 Nickerson St, Ste 311
Seattle, WA  98109
206-330-0595 / 206-400-7609 Fax

```
 1              UNITED STATES DISTRICT COURT

 2          WESTERN DISTRICT OF WASHINGTON AT SEATTLE
    _____
 3
    JAIME PLASCENCIA and CECELIA      )
 4  PLASCENCIA,                       )
                                      )
 5        Plaintiff(s),               )
                                      ) 2:17-cv-01505-MJP
 6  vs.                               )
                                      )
 7  COLLINS ASSET GROUP, LLC and      )
    DANIEL N. GORDON PC D/B/A         )
 8  GORDON, AYLWORTH & TAMI,          )
    P.C.,                             )
 9                                    )
          Defendant(s).               )
10  _____

11        30(b)(6) DEPOSITION UPON ORAL EXAMINATION OF
                   COLLINS ASSET GROUP, LLC
12                     MICHAEL CROSSAN
    _____
13
                         9:39 A.M.
14
                     AUGUST 16, 2018
15
              150 NICKERSON STREET, SUITE 311
16
                   SEATTLE, WASHINGTON
17

18

19

20

21

22

23

24

25  REPORTED BY:  MARY L. GREEN, CCR 2981
```

206 622 6875  |  800 831 6973
production@yomreporting.com
www.yomreporting.com

```
 1                    A P P E A R A N C E S

 2   FOR THE PLAINTIFF(S):

 3          CHRISTINA L. HENRY
            Henry & DeGraaff
 4          150 Nickerson Street, Suite 311
            Seattle, WA 98109
 5          206.330.0595
            chenry@hdm-legal.com
 6   and
            VICENTE OMAR BARRAZA
 7          Barraza Law
            14245-F Ambaum Blvd. S.W.
 8          Burien, WA 98166
            206.933.7861
 9          omar@barrazalaw.com

10   FOR THE DEFENDANT COLLINS ASSET GROUP:

11          KATHLEEN A. NELSON
            Lewis Brisbois Bisgaard & Smith
12          1111 Third Avenue, Suite 2700
            Seattle, WA 98101
13          206.436.2020
            kathleen.nelson@lewisbrisbois.com
14
     FOR THE DEFENDANT GORDON:
15
            ROBERT E. SINNOTT
16          Keating Jones Hughes
            One South West Columbia Street, Suite 800
17          Portland, OR 97258
            503.222.9955
18          rsinnott@keatingjones.com

19   ALSO PRESENT:  LINDA STEPHENSON

20

21

22

23

24

25
```



206 622 6875 | 800 831 6973
production@yomreporting.com
www.yomreporting.com

```
 1                    I N D E X

 2

 3   EXAMINATION BY:                                  PAGE(S)

 4

 5   MS. HENRY                                           6

 6

 7

 8  EXHIBITS FOR IDENTIFICATION                        PAGE

 9
```

```
10   Exhibit 1    Account Correspondence                30

11   Exhibit 2    Allonge to Note                       55

12   Exhibit 3    COT                                   60

13   Exhibit 4    Unsecured Debt Sale Agreement         72

14   Exhibit 5    March 23, 2017, debt collection       93

15                letter

16   Exhibit 6    April 10, 2017, dispute letter        99

17   Exhibit 7    April 18, 2017, debt collection      100

18                letter

19   Exhibit 8    Case Information Cover Sheet         115

20   Exhibit 9    Amended Complaint                    121

21   Exhibit 10   Defendant Collins Asset Group,       122

22                LLC's, Answer to Amended Complaint

23   Exhibit 11   Asset Cover Sheet                    124

24   Exhibit 12   GMAC Mortgage File Header            124

25   Exhibit 13   Defendant Collins Asset Group,       125
```



206 622 6875 | 800 831 6973
production@yomreporting.com
www.yomreporting.com

```
 1                    LLC's, Amended Responses to
 2                    Plaintiff's First Set of Requests
 3                    For Admission
 4    Exhibit 14      Defendant Collins Asset Group's,     125
 5                    LLC,'s Responses to Plaintiff's
 6                    First Set of Interrogatories and
 7                    Requests For Production of
 8                    Documents and First Supplemental
 9                    Responses Thereto
10    Exhibit 15      Load file                            127
11    Exhibit 16      Plaintiff's Second Request for       136
12                    Admissions
13    Exhibit 17      Plaintiff's Second Set of            137
14                    Interrogatories and Requests For
15                    Production of Documents to
16                    Defendant Collins Asset Group LLC
17                    and Answers and Responses Thereto
18    Exhibit 18      Defendant Collins Asset              138
19                    Group,LLC's, Supplemental
20                    Responses to Plaintiff's Second
21                    Set of Requests For Production of
22                    Documents and First Supplemental
23                    Answers to Responses Thereto
24    Exhibit 19      Statute of Limitations Policy and    138
25                    Procedure
```


206 622 6875 | 800 831 6973
production@yomreporting.com
www.yomreporting.com

1    Exhibit 20    Mortgage Account Review Policy and    138

2                  Procedure

3    Exhibit 21    Collections Policy and Procedure     138

4    Exhibit 22    Fair Debt Collections Practices      138

5                  Act

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

206 622 6875 │ 800 831 6973
production@yomreporting.com
www.yomreporting.com

```
 1          SEATTLE, WASHINGTON; THURSDAY, AUGUST 16, 2018

 2                          9:39 A.M.

 3                          --oOo--

 4

 5                      MICHAEL CROSSAN,

 6      sworn as a witness by the Certified Court Reporter,

 7                  testified as follows:

 8

 9                        EXAMINATION

10    BY MS. HENRY:

11         Q.  I'm Christina Henry, and I'm the attorney for

12    the Plascencias today.  I am going to ask you a few

13    things this morning.  First of all, can I have your

14    name for the record.

15         A.  Yes.  Michael Crossan.

16         Q.  Do you want to spell your last name?

17         A.  C-r-o-s-s-a-n.

18         Q.  And do you understand that you're under oath?

19         A.  Yes.

20         Q.  And do you understand that there's a court

21    reporter here and that she'll be making a transcript

22    that can be used at trial or other proceedings in the

23    case?

24         A.  Yes.

25         Q.  I'm going to ask you a series of questions
```

206 622 6875 | 800 831 6973
production@yomreporting.com
www.yomreporting.com

 1   today, and I want to make sure you understand the

 2   question, so if there's any issues that you have or

 3   questions that you don't understand, I want you to stop

 4   me to clarify and rephrase it, okay?

 5       A.  Okay.

 6       Q.  Are you on any medications or substances that

 7   would interfere in your ability to testify today?

 8       A.  No.

 9       Q.  Do you understand that you're testifying today

10   on behalf of Collins Asset Group, LLC?

11       A.  Yes, Ma'am.

12       Q.  And because you are testifying on behalf of

13   Collins Asset Group, when I ask you -- when I use the

14   phrase you, I will be referring to Collins Asset Group.

15   Is that all right?

16       A.  Yes.

17       Q.  There is one exception.  In the beginning of

18   this, I'm going to ask you some personal questions, and

19   for those questions in terms of you personally and your

20   background and your job, that would be about you

21   personally.  Is that all right?

22       A.  Okay.

23       Q.  What is your job title at Collins Asset Group,

24   LLC?

25       A.  I'm the COO.

206 622 6875 | 800 831 6973
production@yomreporting.com
www.yomreporting.com

1        Q.   Why would it be different?

2        A.   Because we're trying to be as consumer

3    friendly as possible.  We're not asking for anything

4    past the date of the first letter, the balance as of

5    the amortization schedule.

6        Q.   So you testified that you've never seen

7    Exhibit 5 before; is that right?

8        A.   I don't believe I've ever seen it, no.

9        Q.   So when the file was sent over to your

10   attorneys, who were the attorneys in this case?

11       A.   You have Matt Aylworth and Tami.

12       Q.   And what did you direct them to do?

13                MR. SINNOTT:  I object to the extent it

14   calls for attorney-client communications.

15       Q.   (BY MS. HENRY) I'm asking you to answer the

16   question.

17                MS. HENRY:  I don't believe that there's

18   been any foundation laid that there's attorney-client

19   communications for you to direct your client to place a

20   loan in the collection.

21                MS. NELSON:  Actually, I join in that

22   objection.

23                MS. HENRY:  Why don't you go ahead and

24   put your basis on the record.

25                MS. NELSON:  Because they're the client,

206 622 6875  |  800 831 6973
production@yomreporting.com
www.yomreporting.com

```
 1  and he was speaking with his attorney directing them to
 2  do something.
 3              MS. HENRY:  Directing them to do
 4  something that's privileged?
 5              MS. NELSON:  To the extent that he's
 6  talking to his attorney with what to pursue and what
 7  not to pursue, that's attorney-client privilege.  Do
 8  you have a basis to believe it's not attorney-client
 9  privileged?
10              MS. HENRY:  I'm just trying to see what
11  he told the attorney to do.
12              MS. NELSON:  So I'm going to object and
13  instruct him not to answer.
14       Q.  (BY MS. HENRY) Did you instruct your attorney
15  to collect on this debt?
16       A.  Yes.
17       Q.  And what direction did you give on how to
18  collect on this debt?
19              MS. NELSON:  Can you restate that
20  question, please?
21       Q.  (BY MS. HENRY) What direction did you give
22  your attorney on how to collect on this debt?
23              MS. NELSON:  Same objection.  Don't
24  answer that.  The documents speak for themselves.
25              MS. HENRY:  Again, you've made no
```


206 622 6875 | 800 831 6973
production@yomreporting.com
www.yomreporting.com

1    foundation here for this communication.

2                    MS. NELSON:  What do you mean?

3                    MS. HENRY:  Go off the record.

4                    MS. NELSON:  No.  Actually, let's stay

5    on the record.

6                    MS. HENRY:  I've received no

7    documentation showing that this debt was ever directed

8    from Collins Asset Group to Gordon Aylworth & Tami for

9    debt collection.  I have seen no communication,

10   redacted or otherwise, that there was ever a direction

11   for them to do anything.

12                   MS. NELSON:  So I'm not understanding

13   what the basis -- are you saying because of that

14   there's no attorney-client privilege?

15                   MS. HENRY:  No.  I'm not asking for

16   privileged communications.  I am asking for a direction

17   to place a debt in collection, the direction to

18   actually say go sue on it.

19                   MS. NELSON:  You have the documentation.

20   The documents speak for themselves.  I think you can

21   get that information without asking for attorney-client

22   privileged information, so to the extent that you're

23   asking for that, he's not going to answer.

24                   MS. HENRY:  Okay.  I have asked him if

25   he's ever seen this letter, Exhibit 5, and he said no,

206 622 6875 | 800 831 6973
production@yomreporting.com
www.yomreporting.com

1    so I have no basis of anything to say that he directed

2    Gordon Aylworth & Tami to collect on this debt.

3                    MS. NELSON:  You just asked that

4    question and he said yes.

5                    MS. HENRY:  I have no documentation in

6    records, either a letter or a communication or

7    anything, showing that he was actually asked to

8    collect.

9                    MS. NELSON:  You just have his sworn

10   testimony that stated that he said that, okay?

11                   MS. HENRY:  I don't know what he was

12   given --

13                   MS. NELSON:  Hang on a second.  And then

14   you have the letter stating what the amount is.  He's

15   not going to answer anything that's under the

16   attorney-client privilege.

17                   MS. HENRY:  We're going to disagree

18   about whether it's a privilege here.

19                   MS. NELSON:  That is okay.  But I'm

20   instructing him not to answer.  He's already giving you

21   the information that you're asking, and you have the

22   letter that says what the amount is, and he already

23   said the letter is the unpaid balance, which is evident

24   in all the documents, including the one that we just

25   pointed out to you.  Anyway...

206 622 6875 | 800 831 6973
production@yomreporting.com
www.yomreporting.com

```
 1              MS. HENRY:  Can we go on?
 2              MS. NELSON:  I hope we're on the record.
 3              MS. HENRY:  We should be on the record.
 4      Q.  (BY MS. HENRY) What information did you send
 5  over to Gordon Aylworth & Tami for debt collection?
 6      A.  I would have sent over our file number, the
 7  balance, any personal information that we had, address,
 8  phone number, et cetera.  I would have sent over a copy
 9  of the full file as to what we have and what you have.
10      That's about it as far as I can think.  I
11  mean, would have had the balance.  Would have had the
12  file.  Would have had the consumer's information.
13  That's really all I can think of off the top of my
14  head.
15      Q.  Any documents?
16      A.  I just stated that, yes, Ma'am, the file.
17      Q.  So that would include all the documents --
18      A.  Yes, Ma'am.
19      Q.  -- in the file?
20      A.  Yes.
21      Q.  Would you have any statements for this debt?
22              MS. NELSON:  Object to form.
23      A.  If we did, we would have sent them over just
24  like we sent everything to you.
25              (Deposition Exhibit 6 was marked for
```

206 622 6875 | 800 831 6973
production@yomreporting.com
www.yomreporting.com

1        Q.   Do you know if you gave them the date of the
2   last payment?
3        A.   Again, don't know that.  Irrelevant, though,
4   because, again, I'm not asking for payments from
5   previous to the date of the letter.
6        Q.   But I'm not asking you a legal question.  I'm
7   just asking for factual information.
8        A.   That's factual.
9        Q.   What was provided as far as data to attorneys?
10       A.   I would have to -- I don't know if we provided
11   those two pieces of information.
12       Q.   How can you find out?
13       A.   I can find out and get back with you.
14       Q.   How would it have been transmitted?
15       A.   It's typically electronically.
16       Q.   So electronically via which system?
17       A.   I don't know were.  Could have been in Excel
18   or it could have been through YGC.
19       Q.   What's YGC?
20       A.   You've Got Claims.
21       Q.   Can you tell me what YGC, You Got Claims -- is
22   that a proprietary system or is it something you buy?
23       A.   It's something that you lease.
24       Q.   What kind of information is in that system?
25       A.   It is nothing more than a conduit to let two

206 622 6875 | 800 831 6973
production@yomreporting.com
www.yomreporting.com

```
 1   FTP or You Got Claims primarily?

 2        A.  They're some of the tools that we use.

 3        Q.  Are those tools you used in this lawsuit?

 4        A.  They're not used to communicate per se.  I'm

 5   not understanding your question, because you're using

 6   the term communicate.  Explain to me what you mean by

 7   communicate.

 8        Q.  As you know, there are two defendants in this

 9   lawsuit.  There is Collins Asset Group and Gordon

10   Aylworth & Tami, and it's relevant to this lawsuit to

11   determine the information that they were provided as

12   far as data for collection, and I'm questioning how

13   that was transmitted and why that information wasn't

14   produced in discovery.

15        A.  The documents and everything you have are what

16   we share with them.

17        Q.  I guess I'm asking for the electronic -- the

18   ESI information as to what was transmitted

19   electronically to them.  It didn't have to be a

20   document.  It could be a screen shot.  It could be

21   something else.

22                MS. NELSON:  Hang on.  She hasn't asked

23   a question.

24        Q.  (BY MS. HENRY) Is there a reason it wasn't

25   produced in discovery?
```


206 622 6875 | 800 831 6973
production@yomreporting.com
www.yomreporting.com

1   Exhibit 15, so the question is did you transfer that

2   data from the load file to your attorneys?

3        A.   We would have sent the consumer's name,

4   address, all the documentation which we provided.

5        Q.   On what document?  Do you create a special

6   document for the attorneys?

7        A.   No.  Again, I'm not understanding your

8   question, because --

9        Q.   I'm trying to understand if you sent them

10   Exhibit Number 15.

11        A.   No.  I did not send them Exhibit Number 15.

12        Q.   So how did they get information concerning the

13   charge-off date or the last payment or the balance?

14                 MS. NELSON:  Object to form.  It's been

15   asked and answered several times.  He told you what

16   information he gave them and what he did not give them

17   and why.

18        Q.   (BY MS. HENRY) So did you give them the

19   charge-off date, the last payment, or the date of

20   origination?

21        A.   What I stated to you earlier was I do not know

22   if we gave them that information.  It was irrelevant.

23   You do not -- the charge-off information is nothing but

24   a term for accounting.  That is the date that you write

25   it off your books.


206 622 6875 | 800 831 6973
production@yomreporting.com
www.yomreporting.com

```
 1        Q.  Understood.  I'm just asking you to answer the
 2   question.  Did you give it or not and do you have a
 3   document that shows me what you gave them?
 4               MS. NELSON:  Okay.  That's several
 5   questions.  First answer again if you gave it to them
 6   or not.
 7        A.  Again, I do not know if we provided them with
 8   the charge-off date or the date of the last payment.
 9        Q.  (BY MS. HENRY) Can you find out whether or not
10   you did give it to them?
11        A.  Yes.  I can see what we have, if we have
12   anything, yes.
13        Q.  And if you gave it to them, how would you have
14   given it to them?
15        A.  Again, as I stated before as well, I would
16   need to see if we sent any information through just a
17   spreadsheet or if it went through YGC, but I can find
18   that information out for you.
19        Q.  The reason I'm asking is is it a document that
20   you created that hasn't been provided or is it a
21   document you've already produced?
22        A.  That I do not know.  I'm not trying to be
23   evasive to your questions.  I'm trying to help.  I
24   guess I speak Texan sometimes and people don't
25   understand me.  Things get transmitted electronically.
```

206 622 6875 | 800 831 6973
production@yomreporting.com
www.yomreporting.com

```
 1                  CORRECTION & SIGNATURE PAGE

 2    RE: PLASCENCIA v. COLLINS ASSET GROUP;
          USDC; 2:17-cv-01505-MJP;
 3        MICHAEL CROSSAN; August 16, 2018

 4                        Reported By:  Mary L. Green

 5        I, MICHAEL CROSSAN, have read the within transcript
      taken August 16, 2018, and the same is true and
 6    accurate except for any changes and/or corrections, if
      any, as follows:
 7
      PAGE/LINE              CORRECTION              REASON
 8    _____

 9    _____

10    _____

11    _____

12    _____

13    _____

14    _____

15    _____

16    _____

17    _____

18    _____

19    _____

20    _____

21    _____

22        Signed at _____, Washington, on this

23     date:_____.

24        _____

25        MICHAEL CROSSAN
```


206 622 6875 | 800 831 6973
production@yomreporting.com
www.yomreporting.com

```
 1                       REPORTER'S CERTIFICATE

 2

 3       I, MARY L. GREEN, the undersigned Certified Court Reporter,

 4  pursuant to RCW 5.28.010 authorized to administer oaths and

 5  affirmations in and for the State of Washington, do hereby

 6  certify that the sworn testimony and/or proceedings, a transcript of

 7  which is attached, was given before me at the time and place stated

 8  therein; that any and/or all witness(es) were duly sworn to testify

 9  to the truth; that the sworn testimony and/or proceedings were by me

10  stenographically recorded and transcribed under my supervision, to

11  the best of my ability; that the foregoing transcript contains a

12  full, true, and accurate record of all the sworn testimony and/or

13  proceedings given and occurring at the time and place stated in the

14  transcript; that a review of which was requested; that I am in no

15  way related to any party to the matter, nor to any counsel, nor do I

16  have any financial interest in the event of the cause.

17       WITNESS MY HAND AND DIGITAL SIGNATURE this 26th day of

18  August, 2018.

19

20

21

22

23

24  MARY L. GREEN

    Washington State Certified Court Reporter, #2981

25  mgreen@yomreporting.com
```

206 622 6875 | 800 831 6973
production@yomreporting.com
www.yomreporting.com