UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAIME PLASCENCIA and CECILIA PLASCENCIA, | CASE NO. C17-1505-MJP |
| Plaintiffs, | ORDER DENYING MOTION TO STAY PROCEEDINGS; GRANTING MOTION TO EXTEND CASE DEADLINES |
| v. | |
| COLLINS ASSET GROUP, LLC and GORDON, AYLWORTH & TAMI, P.C., | |
| Defendants. | |

THIS MATTER comes before the Court on Defendants' Motion to Stay Proceedings (Dkt. No. 47) and Plaintiffs' Motion to Extend Deadlines and Continue Trial Date (Dkt. No. 52). Having reviewed the Motions, the Responses (Dkt. Nos. 50, 56, 57), the Reply (Dkt. Nos. 54), and all related papers, the Court ORDERS as follows:

## Background

This case involves a claim against a debt collector, Defendants Collins Asset Group, LLC ("CAG") and its law firm, Gordon Aylworth & Tami, P.C. ("GAT") (collectively, "Defendants").

In June 2017, CAG, through GAT, filed a debt collection lawsuit against Plaintiffs in King County District Court. (See Dkt. No. 2, Ex. F.) The state court action alleged that Plaintiffs defaulted on a September 14, 2006 promissory note, and that, due to Plaintiffs' failure to cure default, they had accelerated all payments due under the note. (Id.) In their answer to that action, Plaintiffs asserted a statute of limitations defense in which they claimed that "any and all claims . . . are barred or unenforceable by the statute of limitations where the real property was foreclosed more than six years ago" under RCW 4.16.040. (Dkt. No. 47 at 2.)

In October 2017, Plaintiffs filed this federal action against Defendants alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., the Washington State Collections Agency Act, RCW 19.16 et seq., and the Washington Consumer Protection Act, RCW 19.86 et seq. by CAG and GAT. (See Dkt. No. 1.) Plaintiffs allege that Defendants relied on false, deceptive, and misleading representations and attempted to collect money not legally owed. (Id.)

The federal action is currently set for trial on April 15, 2019. (Dkt. No. 32.) Defendants now move to stay this action pending resolution of the state court action. (Dkt. No. 47.) Separately, Plaintiffs move to continue the existing trial date in the federal action to allow time to complete discovery. (Dkt. No. 52.)

# Discussion

## I. Legal Standard

The Court has "broad discretionary power to stay proceedings in its own court." <u>Lockyer v. Mirant Corp.</u>, 398 F.3d 1098, 1109 (9th Cir. 2005) (citing <u>Landis v. North Am. Co.</u>, 299 U.S. 248, 254 (1936)). In determining whether a stay or continuance is warranted, the Court considers "the competing interests which will be affected," including "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." <u>CMAX, Inc. v. Hall</u>, 300 F.2d 265, 268 (9th Cir. 1962) (citing <u>Landis</u>, 299 U.S. at 254-55).

## II. Motion to Stay

While Defendants claim that both the state and federal actions "will largely depend on the interpretation of RCW 4.16.040 in the context of an installment contract" (Dkt. No. 47), the federal action raises distinct federal claims. Further, this Court is in as good a position as the state court to rule on the applicability of the statute of limitations, the state court action has not been set for trial, and there are no pending motions requiring resolution in that action. (<u>See</u> Dkt. No. 51, Ex. A.) Finally, the Court does not share Defendants' concerns regarding the disclosure of materials protected by the attorney-client privilege. Plaintiffs do not seek privileged materials from GAT, but rather materials concerning its role as a debt collector.

Therefore, the Court DENIES the Motion to Stay Proceedings.

### III.  Motion to Extend Deadlines and Trial Date

Plaintiffs seek to extend the existing case deadlines and trial date to complete discovery, which they claim has been necessitated by Defendants' failure to adequately respond to their requests to date.  (See Dkt. No. 52.)  In particular, Plaintiffs claim they recently received previously undisclosed information concerning versions of the promissory note in dispute in this action.  (Id.)  As a result, Plaintiffs claim they need additional time to "hire a handwriting expert . . . obtain outstanding discovery, complete additional depositions, and obtain a comprehensive expert report on the proper issues in this case."  (Id.)  This is the first continuance that has been requested, and the Court finds that the request is made for good cause.

Therefore, the Court GRANTS the Motion to Extend Deadlines and Trial Date.  A separate order setting forth the revised trial dates will follow.

The clerk is ordered to provide copies of this order to all counsel.

Dated September 25, 2018.

Marsha J. Pechman
United States District Judge