Christina L. Henry, WSBA# 31273
chenry@hdm-legal.com
Henry & DeGraaff, PS
150 Nickerson St, Ste 311
Seattle, WA 98109
Tel# 206-330-0595
Fax: +1-206-400-7609

The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| JAIME PLASCENCIA and CECELIA PLASCENCIA,<br><br>               Plaintiffs,<br>vs.<br><br>COLLINS ASSET GROUP, LLC and DANIEL N. GORDON PC d/b/a GORDON, AYLWORTH & TAMI, P.C.,<br><br>               Defendants. | No. 2:17-cv-1505-MJP<br><br>MOTION FOR RELIEF FROM CASE SCHEDULE DEADLINE AND FOR LEAVE TO AMEND COMPLAINT<br><br>**Noted on Motion Calendar:**<br><br>**NOVEMBER 9, 2018** |

### I.    MOTION

Pursuant to FRCP 16 and FRCP 15, Plaintiffs Jaime and Cecelia Plascencia (the "Plaintiffs"), by and through counsel, move the court for relief from the Court's January 16, 2018 Order setting February 23, 2018 as the deadline to amend pleadings and for an Order granting leave to amend the complaint to clarify and supplement their Fair Debt Collection Practices Act and Consumer Protection Act claims to better conform to new facts revealed through depositions of Defendant Collins Asset Group on August 16, 2048 and third-party discovery produced on September 17, 2018.

### II.    STATEMENT OF FACTS

The Plaintiffs filed their complaint on October 6, 2017 (amended on October 31, 2017) asserting causes of action related to the conduct of the Defendants for violations of the Fair Debt

MOTION FOR RELIEF FROM CASE SCHEDULE
DEADLINE AND FOR LEAVE TO AMEND
COMPLAINT - 1

Henry &DeGraaff, P.S.
150 Nickerson St, Ste 311
Seattle, Washington 98109
telephone (206) 330-0595
fax (206) 400-7609

Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), the Washington State Collections Agency Act, RCW 19.16 *et seq.* ("WCAA"), and the Washington State Consumer Protection Act, RCW 19.86 *et seq.* ("WCPA"). *See* Dkt Nos. 1 and 4. The Plaintiffs readily stipulated to the Defendants' request for additional time to answer. Daniel N. Gordon, PC ("GAT") answered on December 11, 2017, and Collins Asset Group ("CAG") answered on December 15, 2017. See Dkt. No. 10, 22 and 34.

The parties entered a Stipulated Protective Order on January 11, 2018. *See* Dkt. 30.

The parties met for a Rule 26(f) conference and filed a joint status report requesting a three-day trial. *See* Dkt No. 29 On January 16, 2018, the Court issued an Order Setting Trial Date and Related Dates which set February 23, 2018 as the deadline for amending pleadings. *See* Dkt No. 32.

Plaintiffs served their first set of discovery requests on CAG on March 12, 2018 and their second set on May 7, 2018. Dkt No. 53, Declaration of Christina L Henry in Support of Plaintiffs' Motion to Extend Deadlines and Continue Trial Date ("Henry Decl."), at ¶ 2. CAG responded to the Plaintiffs first set of discovery on April 30, 2018. Henry Decl., at ¶ 3. On May 8, 2018, counsel for the Plascencias informed CAG of deficiencies in its production, including in response to request for production 4, 12, and 17.

Following a May 18, 2018 discovery conference to address Plaintiffs' objections to their insufficient discovery responses, CAG provided Supplemental Discovery Responses and a Privilege Log on May 30, 2018. *Id.*, at ¶ 4. Defendant CAG served Amended Responses to Plaintiffs' First Requests for Admission, Responses to Second Set of Requests for Admission, and Responses to Plaintiffs' Second Interrogatories and Requests for Production on June 28, 2018 and served the signature pages on July 3, 2018. *Id.*, at ¶ 5.

On May 7, 2018, Plaintiffs served their first set of discovery requests on GAT, and GAT responded on June 6, 2018. *Id.*, at ¶ 7. Plaintiffs and the defendants conducted two discovery conferences on July 18, 2018 and August 17, 2018 to address Plaintiffs' objections to GAT's

MOTION FOR RELIEF FROM CASE SCHEDULE
DEADLINE AND FOR LEAVE TO AMEND
COMPLAINT - 2

HENRY &DEGRAAFF, P.S.
150 NICKERSON ST, STE 311
SEATTLE, WASHINGTON 98109
telephone (206) 330-0595
fax (206) 400-7609

allegedly deficient production. GAT provided Plaintiffs supplemental discovery, amended answers, and a privilege log on August 24, 2018. *Id.*, at ¶ 8. The Plascencias contend that discovery remains outstanding from GAT. *Id.*, at ¶ 9.

CAG filed a Motion for Protective Order on June 28, 2018 and the court resolved that motion on July 25, 2018. *See* Dkt. No. 33 and 46. CAG supplemented in response to that order on August 14, 2018 with a verification sent on August 18, 2018. *Id.*, at ¶ 10.

Plaintiffs deposed the corporate representative of CAG on August 16, 2018. *Id.*, at ¶ 13. During that deposition, additional information was discovered regarding different versions of the allonges attached to the promissory note at issues in the case. *Id.*, at ¶ 14.

GAT filed a Motion to Stay (*See* Dkt. 47) on August 28, 2018 which CAG joined on August 30, 2018. *See* Dkt. 49.

On September 13, 2018, Plaintiffs moved for an Order to Extend Deadlines and Continue the Trial Date to conduct further discovery, including an expert to inspect the Note and the attached allonges. *See* Dkt. 52. The court denied the defendants' joint Motion to Stay (*See* Dkt. 58) and entered an order extending deadlines and the trial, including the discovery deadline on September 25, 2018. *See* Dkt 59.

On September 28, 2018, the parties conducted a teleconference to discuss the outstanding discovery items from the August 16, 2018 deposition of CAGs Rule 30(b)(6) deponent. On October 23, 2018, counsel for the Plaintiffs served defendants a draft LCR 37 Motion regarding the discovery disputes and await a definitive response.

To date, the defendants have produced various copies of the Note, Deed of Trust, Allonges purporting to establish the chain of title for the Note, and defendants' correspondence to the Plaintiffs. However, the defendants have not produced any of the historical accounting and servicing records typically expected in a case involving enforcement of a purported installment note and deed of trust. Due to the lack of production of expected records, Plaintiffs served third party subpoenas on Newport Beach Holdings, LLC, ResCap Liquidating Trust, Mortgage

MOTION FOR RELIEF FROM CASE SCHEDULE
DEADLINE AND FOR LEAVE TO AMEND
COMPLAINT - 3

Henry &DeGraaff, P.S.
150 Nickerson St, Ste 311
Seattle, Washington 98109
telephone (206) 330-0595
fax (206) 400-7609

Electronic Registration Systems, and U.S. Bank, N.A in July of 2018. *Id.*, at ¶ 11. Plaintiffs received prompt responses from Mortgage Electronic Registration Systems, and U.S. Bank, N.A which revealed little in the way of new facts. In contrast, on September 17, 2018, ResCap Liquidating Trust (RCS Recovery Services, LLC) produced records which revealed crucial new facts related to the chain of title, charge-off, and lack of loan servicing which animate the amended complaint.[1]

On October 12, 2018, Plaintiffs served a proposed second amended complaint on counsel for the defendants and requested their agreement to allow the filing of the second amended complaint under FRCP 15 and 16(b). The second amended complaint adds no new parties and merely endeavors to articulate new facts which necessitate the clarification and addition of FDCPA and CPA subclaims. Plaintiffs file this Motion approximately two weeks after they requested consent from the defendants to amend the complaint.

### III. ARGUMENT

The Court wields broad discretion to supervise the pretrial phase of litigation. *Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002). When a party seeks leave to amend her complaint after the date specified in the scheduling order, she must first show "good cause" to modify the scheduling order under Fed.R.Civ.P. 16(b). Upon a showing of "good cause" to modify the scheduling order, the moving party must prove the propriety of amendment pursuant to Rule 15. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992) (internal citations omitted). Here, good cause exists for the Court to grant the Plaintiffs motion to amend the scheduling order and amend their complaint because: (1) the Plaintiffs have consistently and vigorously litigated their claims despite the defendants' efforts to stay the litigation and invoke privilege to refrain from producing discovery, and (2) the proposed

---

[1] Due to a lack of response from Newport Beach Holdings, LLC, Plaintiffs anticipate moving to compel compliance. *Id.*, at ¶ 12.

MOTION FOR RELIEF FROM CASE SCHEDULE
DEADLINE AND FOR LEAVE TO AMEND
COMPLAINT - 4

Henry &DeGraaff, P.S.
150 Nickerson St, Ste 311
Seattle, Washington 98109
telephone (206) 330-0595
fax (206) 400-7609

amended claims merely provide a more precise basis for already pled FDCPA and CPA claims to conform to third-party evidence produced in September of 2018.

A court's evaluation of good cause under Rule 16 is *not* coextensive with its inquiry into the propriety of proposed amendments sought under Rule 15. *Id.* While Fed.R.Civ.P. 16(b)(4) and LCR 16(b)(5) provide that a schedule may be modified only for good cause and with the judge's consent, Rule 15 provides that Courts should freely give leave to amend when justice so requires. Fed. R. Civ. P. 15(a)(2). There is a "strong policy in favor of allowing amendment" after "considering four factors: bad faith, undue delay, prejudice to the opposing party, and the futility of amendment." *Kaplan v. Rose*, 49 F.3d 1363, 1370 (9th Cir. 1994). The underlying purpose of Rule 15 is "to facilitate decision on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (2000). Amendments seeking to add claims are to be granted more freely than amendments to add parties. *Union Pacific R. Co. v. Nevada Power Co.*, 950 F.2d 1429, 1432 (9th Cir. 1991).

While Rule 15(a)'s liberal amendment policy focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)' s "good cause" standard primarily considers the diligence of the party seeking the amendment. *Johnson*, 975 F.2d at 609. The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson*, 975 F.2d at 609 (citing Fed.R.Civ.P. 16 advisory committee's notes (1983 amendment)). Here, the Plaintiffs have demonstrated good faith and diligence in acting to move the discovery process along quickly and efficiently, and this Court should extend the deadline to allow the Plaintiffs to amend their complaint.

The Plaintiffs stipulated to providing the Defendants more than 30 additional days to answer the Complaint, stipulated to CAG's request for additional time to file its disclosures, and readily agreed in the interest of judicial economy to the protective order requested by the defendants. Plaintiffs also timely coordinated with the defendants to conduct, prepare, and file

MOTION FOR RELIEF FROM CASE SCHEDULE
DEADLINE AND FOR LEAVE TO AMEND
COMPLAINT - 5

**HENRY &DEGRAAFF, P.S.**
150 NICKERSON ST, STE 311
SEATTLE, WASHINGTON 98109
telephone (206) 330-0595
fax (206) 400-7609

the Joint Status Report which yielded the Court's January 16, 2018 case scheduling order which provided a small window to amend pleadings before February 23, 2018. The proposed amended complaint hews closely to the original and first amended complaints by amending and adding only their previously articulated FDCPA and CPA claims.

The Plaintiffs moved quickly to propound discovery on the defendants. While all parties have exchanged written discovery, only Plaintiffs conducted a deposition. When the deposition of CAG's 30(b)(6) deponent revealed a need to conduct additional discovery, the Plaintiffs diligently requested and received leave of the Court to modify the case schedule and extend the initial trial date by approximately six months contemporaneous with the Court's rejection of the defendants' joint motion for a stay of the proceedings.

When the written discovery produced by the defendants revealed a lack of servicing documentation from their purported predecessors in interest, the Plaintiffs promptly sought the missing records from third parties. After the third-party discovery received on September 17, 2018 indicated a need to amend the complaint, the Plaintiffs promptly prepared and served a draft amended complaint on defendants within 30 days while simultaneously preparing a petition under LCR 37 to resolve chronic discovery disputes with both defendants.

The Plaintiffs merit relief from the February 23, 2018 deadline to amend pleadings because they acted collaboratively and promptly at every turn to facilitate the efficient adjudication of their claims. In contrast, the defendants' dilatory approach to their answers, disclosures, discovery, and prosecution of their defense confirm that Plaintiffs could not have reasonably met the February 23, 2018 deadline despite their diligence.

While the court exercises nearly unbridled discretion in determining whether granting Plaintiffs leave to amend their complaint is appropriate, there are limited circumstances in which refusal of amendment is appropriate. Generally, leave to amend should be denied only upon a showing of bad faith, ulterior motive, undue prejudice to the opposing party, or an unwarranted delay. *See, e.g., Johnson*, 975 F.2d at 609. Amendments are prejudicial only when they unfairly

MOTION FOR RELIEF FROM CASE SCHEDULE
DEADLINE AND FOR LEAVE TO AMEND
COMPLAINT - 6

**HENRY &DEGRAAFF, P.S.**
150 NICKERSON ST, STE 311
SEATTLE, WASHINGTON 98109
telephone (206) 330-0595
fax (206) 400-7609

affect the non-movant's ability to respond to the added facts or allegations. *Id*. (citing *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1208 (10th Cir. 2006)). The court may also withhold leave to amend if it finds the proposed amendments to be exercises in futility. *Wilderness Society v. Kane County, Utah*, 470 F.Supp.2d 1300, 1309 (D. Utah 2006) (quoting *Foman v. Davis,* 371 U.S. 178, 182 (1962)).

The defendants cannot demonstrate that the Plaintiffs failed to act in good faith by proposing untimely, futile, or prejudicial amendments to their claims. Defendants cannot argue that the Plaintiffs acted in bad faith because the proposed amendments reflect facts that the Plaintiffs pursued only after CAG could have but failed to obtain prior to purchasing the disputed debt.

Nor can defendants argue that Plaintiffs acted in a dilatory fashion because nearly all the defendants' pleadings sought leave to delay their answer, their disclosures, or the litigation. Similarly, the defendants will be hard pressed to establish an ulterior motive on the part of the Plaintiffs given the chronic discovery disputes provoked by the defendants' sweeping invocation of privilege.

The defendants cannot argue that the defendants propose futile amendments because they have yet to file any dispositive motion.

Finally, the proposed amendments pose no prejudice to the defendants because the Plaintiffs merely seek to clarify and add claims deriving from their previously pled FDCPA and CPA claims to better conform to recently produced third-party evidence.

## IV.    CONCLUSION

For the foregoing reasons, the Plaintiffs respectfully request that this Court grant their motion for relief from the Court's January 16, 2018 Order setting February 23, 2018 as the deadline to amend pleadings and grant them relief leave to amend the complaint to clarify and supplement their Fair Debt Collection Practices Act and Consumer Protection Act claims to

MOTION FOR RELIEF FROM CASE SCHEDULE
DEADLINE AND FOR LEAVE TO AMEND
COMPLAINT - 7

HENRY &DEGRAAFF, P.S.
150 NICKERSON ST, STE 311
SEATTLE, WASHINGTON 98109
telephone (206) 330-0595
fax (206) 400-7609

better conform to new facts revealed through third-party discovery produced on September 17, 2018.

Dated this 28th day of October 2018.

HENRY & DEGRAAFF, P.S.

*/s/ Christina L Henry*
Christina L Henry, WSBA #31273
150 Nickerson St, Ste 311
Seattle, WA 98109
T: 206-330-0595/ F: 206-400-7609
*chenry@hdm-legal.com*

BARRAZA LAW PLLC

*/s/ Vicente O. Barraza*
Vicente O. Barraza, WSBA #43589
14245F Ambaum Blvd SW
Burien, WA 98166
206-933-7861
*omar@barrazalaw.com*

MOTION FOR RELIEF FROM CASE SCHEDULE DEADLINE AND FOR LEAVE TO AMEND COMPLAINT - 8

Henry &DeGraaff, P.S.
150 Nickerson St, Ste 311
Seattle, Washington 98109
telephone (206) 330-0595
fax (206) 400-7609

# CERTIFICATE OF SERVICE

I, Vicente Omar Barraza, declare as follows:

I am a citizen of the United States and of the State of Washington, over the age of 21 years, not a party to the above-entitled action and competent to be a witness.

On October 28, 2018, I caused to be served the Motion for Relief from Case Schedule Deadline and for Leave to Amend and the Declarations of Christina L Henry and Vicente Omar Barraza in Support electronically via USDC court system CM/ECF:

| | |
|---|---|
| Kathleen A. Nelson<br>LEWIS BRISBOIS BISGAARD & SMITH LLP<br>1111 Third Avenue, Suite 2700<br>Seattle, WA 98101<br>Phone: (206) 436-2020<br>Email: Kathleen.Nelson@lewisbrisbois.com<br>Attorneys for Defendant Collins Asset Group, LLC | Stephen H. Turner<br>LEWIS BRISBOIS BISGAARD & SMITH LLP<br>633 West 5th Street<br>Los Angeles, CA 90071<br>Phone: (213) 680-5081<br>Email: Stephen.Turner@lewisbrisbois.com<br>Attorneys for Defendant Collins Asset Group, LLC |
| Peter Eidenberg<br>KEATING JONES HUGHES, PC<br>One Southwest Columbia Street<br>Suite 800<br>Portland, Oregon 97258-2095<br>Tel# 503-222-9955<br>FAX 503-796-0699<br>Email: peidenberg@keatingjones.com<br>Attorneys for Daniel N. Gordon PC d/b/a Gordon Aylworth & Tami, P.C | Robert E. Sinnott<br>KEATING JONES HUGHES, PC<br>One Southwest Columbia Street<br>Suite 800<br>Portland, Oregon 97258-2095<br>Tel# 503-222-9955<br>FAX 503-796-0699<br>Email: rsinnott@keatingjones.com<br>Attorneys for Daniel N. Gordon PC d/b/a Gordon Aylworth & Tami, P.C. |

I declare under penalty of perjury under the laws of the State of Washington and the United States that the foregoing is true and correct to the best of my knowledge.

Executed this 28th day of October 2018, at Burien, Washington.

                                            */s/ Vicente O. Barraza*
                                            Vicente O. Barraza, WSBA #43589

MOTION FOR RELIEF FROM CASE SCHEDULE
DEADLINE AND FOR LEAVE TO AMEND
COMPLAINT - 9

HENRY & DeGRAAFF, P.S.
150 NICKERSON ST, STE 311
SEATTLE, WASHINGTON 98109
telephone (206) 330-0595
fax (206) 400-7609