Judge Marsha J. Pechman

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JAIME PLASCENCIA AND CECELIA PLASCENCIA,<br><br>Plaintiffs,<br><br>vs.<br><br>COLLINS ASSET GROUP, LLC AND DANIEL N. GORDON, PC D/B/A GORDON, AYLWORTH & TAMI, P.C.,<br><br>Defendants. | Civil Action No. 2:17-cv-01505-MJP<br><br>DEFENDANT COLLINS ASSET GROUP, LLC 'S OPPOSITION TO MOTION FOR RELIEF AND FOR LEAVE TO AMEND COMPLAINT<br><br>Noted on Motion Calendar:<br><br>November 30, 2018 |

**INTRODUCTION**

Defendant Collins Asset Group, LLC. ("CAG") respectfully requests that the Court deny Plaintiffs Jamie and Cecilia Plascencia's Motion for Relief from Case Schedule Deadline and for Leave to Amend Complaint. The Plascencias cannot show good cause for violating the scheduling order's deadline to amend pleadings, as required by Federal Rule of Civil Procedure 16. All of the facts underlying the proposed amendments were known to the Plascencias prior to the deadline. Failure to timely amend was the result of the Plascencias' carelessness and lack of due diligence.

Moreover, the proposed amendments would be futile, and thus even if the Plascencias could establish good cause, amendment should be denied pursuant to Rule 15. The court in the underlying state Collection Lawsuit has just granted summary judgment in full in favor of CAG,

OPPOSITION TO MOTION FOR RELIEF AND FOR LEAVE TO
AMEND COMPLAINT - 1
USDC WD WA CAUSE NO. 2:17-cv-01505-MJP

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206.436.2020

4813-8851-4176.1

signing a judgment for the full outstanding balance of the Note.  The court specifically rejected the Plascencias' argument that collection of the note is time-barred, including the precise repudiation argument the Plascencias now seek to add to their complaint through amendment.

Moreover, as a matter of law, the Plascencias' repudiation theory is inapplicable to installment notes like the Note at issue here, so amendment to add this new legal theory would be futile.  Likewise, CAG is indisputably the holder of the Note and thus entitled to enforce it.  Thus, the Plascencias' proposed amendments regarding whether CAG is the holder in due course are irrelevant and futile—regardless, CAG can enforce the note, and any inadvertent mischaracterization in the state Collection Lawsuit complaint had no effect on the collectability of the Note or the legal rights and responsibilities of the parties.

## II. AUTHORITY

### A. The Plascencias Cannot Show Good Cause for Their Failure to Timely Amend As Required by Rule 16

Federal District Courts are required to issue a scheduling order setting forth various deadlines for the administration of the case.  *See* Fed R. Civ. P. 16(b).  Among other things, the scheduling order "must limit the time to . . . amend the pleadings[.]"  Fed R. Civ. P. 16(b)(3)(A).

"A schedule may be modified only for good cause and with the judge's consent."  Fed R. Civ. P. 16 (b)(4).  "Mere failure to complete discovery within the time allowed does not constitute good cause for an extension or continuance."  LCR 16(b)(5).

Where a party seeks to amend a pleading after the scheduling order's deadline has passed, the propriety of amendment is evaluated under Rule 16's "good cause" standard.  *Ellis v. JPMorgan Chase & Co.*, No. 16-17005, 2018 U.S. App. LEXIS 24379, at *4 (9th Cir. Aug. 28, 2018) ("Because Appellants' request for leave to amend was untimely under the district court's case management order, Appellants were required to establish "good cause" for their delay.");  *Johnson v. Mammoth Recreations*, 975 F.2d 604, 607-08 (9th Cir. 1992) ("Once the district court had filed a pretrial scheduling order pursuant to Federal Rule of Civil Procedure 16 which established a timetable for amending pleadings that rule's standards controlled.").

Amendment is only permitted pursuant to Rule 16 if the party could not have timely

OPPOSITION TO MOTION FOR RELIEF AND FOR LEAVE TO
AMEND COMPLAINT - 2
USDC WD WA CAUSE NO. 2:17-cv-01505-MJP

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206.436.2020

4813-8851-4176.1

amended despite exercising due diligence. *Johnson*, 975 F.2d at 609. Rule 15's liberal standard for amendment is not applicable once the deadline to amend has passed:

> A court's evaluation of good cause is not coextensive with an inquiry into the propriety of the amendment under . . . Rule 15. Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. *The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension.*

*Id.* (internal citations and quotations omitted) (emphasis added).

"Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Id.*

Here, the deadline for amendment of pleadings was February 23, 2018. The Plascencias are now more than nine months beyond that deadline and cannot show good cause to amend at this late date.

In an apparent attempt to show their diligence, the Plascencias offer a lengthy recital of the discovery process, detailing their purportedly diligent efforts to conduct discovery. While this one-sided account is rife with inaccuracies and mischaracterizations, ultimately that is beside the point. Rule 16 does not require a *general* showing of diligence; rather, to establish the requisite good cause, the Plascencias must show that the *specifically proposed amendments* could not have been added at an earlier date despite due diligence. They have not, and cannot, make this showing.

While the Plascencias' blow-by-blow of discovery purports to show they have *generally* been diligent in litigating this case, it utterly fails to address the real issue: why the *specific* amendment they now propose could not have been made before the scheduling order's deadline. In reality, all of the facts and legal theories the Plascencias propose to add were, or should have been, known to them prior to the February 23, 2018 deadline to amend. Therefore, they cannot show good cause to amend nine months later.

The Plascencias' most significant proposed amendment is the addition of a new legal theory: that by allowing their home to be foreclosed upon and failing to make installment

OPPOSITION TO MOTION FOR RELIEF AND FOR LEAVE TO AMEND COMPLAINT - 3
USDC WD WA CAUSE NO. 2:17-cv-01505-MJP

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206.436.2020

4813-8851-4176.1

payments, the Plascencias repudiated their obligation to pay on the Note. *See* Second Amended Complaint for Violations of 15 USC 1692 and RCW Chapters 19.16 and 19.86 et seq. ("Proposed Amended Complaint") ¶¶ 25, 26, 49(b), 53-55, 88-91, attached to the Declaration of Vincente Omar Barraza in Support of Motion for Relief from a Deadline and to Amend Complaint ("Barraza Decl.") as Exhibit D. According to the Plascencias, this transformed the Note into a *demand* note, which was immediately collectible in full, meaning that statute of limitations began to run from the date of repudiation. *See id*. However, this theory (which is wholly without legal basis, as set forth below) is based entirely upon facts *known to the Plascencias when this action was commenced*. Since 2010 when the foreclosure took place, the Plascencias have known that they had ceased making installment payments on the note and that they had allowed their home to be foreclosed upon. No new facts uncovered since the passage of the deadline to amend have suddenly made this theory more viable. Rather, the Plascencias have merely assigned new legal significance to facts long known to them.

To the extent this theory has any merit, the Plascencias' failure to include it in their original complaint, or to add it before the deadline to amend, was the result of their own carelessness. "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Johnson*, 975 F.2d at 609. Because with due diligence the Plascencias could have timely amended their complaint to include this repudiation theory, they cannot show good cause to allow amendment at this late date, as required by Rule 16. *Id*.

Likewise, the Plascencias cannot show good cause for their other proposed amendments, which are also based upon facts that have been known to Plascencias since before the deadline to amend.

The Plascencias propose to add additional details about the underlying notes, deeds of trust, mortgages, original lenders, and loan servicers. *See* Proposed Amended Complaint, Barraza Decl. Ex. D., ¶¶ 16, 23. However, the Plascencias were parties to these loans and have been aware of their details, including the related notes and deeds of trust documents, lenders, and servicers, since originally borrowing in 2006. Thus, there is no reason these allegations could

OPPOSITION TO MOTION FOR RELIEF AND FOR LEAVE TO
AMEND COMPLAINT - 4
USDC WD WA CAUSE NO. 2:17-cv-01505-MJP

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206.436.2020

4813-8851-4176.1

not have been added prior to amendment deadline.

The Plascencias now wish to include allegations that their last payment on the note was made in 2009. *See id*. ¶ 20. However, since it was the Plascencias who made the payment, allegedly in 2009, they should have been aware of this fact for some nine years.

The Plascencias' proposed amendments also include additional allegations about the substance and dates of communications they received and sent regarding the Note. *See id*. ¶¶ 27, 29, 33, 37, 41, 42, 68(a)-(c), 85(c), 93(b); However, all of these communications took place prior to commencement of this lawsuit, so the Plascencias clearly could have added any new facts about them before the deadline to amend had passed.

Finally, the Plascencias seek to add allegations about the substance of the complaint in the Collection Lawsuit. *See id*. ¶¶ 52, 68(d)-(i), 80-83, 85(a). However, that lawsuit was commenced in 2017, *id*. ¶ 46, *before the Plascencias filed this lawsuit.* Thus, the Plascencias were aware of the contents of the Collection Lawsuit complaint long before the deadline to amend had passed.

Because all of the facts underlying the Plascencias' proposed amendments were known to them prior to the amendment deadline, they cannot show that these amendments could not have been timely made despite due diligence. *Johnson*, 975 F.2d at 609. Accordingly, the Plascencias cannot show good cause to modify the scheduling order's deadline for amendment, as required by Rule 16. Therefore, their motion must be denied.

**B.     Even if Amendment Were Permitted by Rule 16, It Is Barred as Futile**

As set forth above, the Plascencias cannot satisfy the Rule 16's good cause requirement, and thus amendment must be denied. However, even if the Plascencias could establish good cause to amend nine months after the deadline, they must still obtain the Court's leave pursuant to Rule 15. *See* Fed. R. Civ. P. 15(a)(2).

While leave is generally freely given when "when justice so requires," *id*., amendment may nonetheless be denied if it would be futile. *Smith v. Constellation Brands, Inc.*, 725 F. App'x 504, 507 (9th Cir. 2018).

OPPOSITION TO MOTION FOR RELIEF AND FOR LEAVE TO
AMEND COMPLAINT - 5
USDC WD WA CAUSE NO. 2:17-cv-01505-MJP

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206.436.2020

4813-8851-4176.1

The court in the Collection Lawsuit has just granted summary judgment in full in favor of CAG, signing a judgment for the full amount prayed for in the complaint and dismissing the Plascencias defenses, including statute of limitations. This clearly suggests that the Plascencias' legal theories, including those addressed by the proposed amendments, are without merit, and thus amendment would be futile. Moreover, because these issues have been decided against the Plascencias in another legal action involving the same parties, they will be collaterally estopped from relitigating those issues here.

### 1. Repudiation

As explained above, the Plascencias seek to add a new legal theory through amendment: that they effectively repudiated their obligations on the Note, which, combined with their failure to make installment payments, constituted a total breach. According the Plascencias, this total breach converted the Note from an installment note to a demand note, meaning that the statute of limitations began to run on the entire outstanding balance at the time of repudiation in 2010. The Plascencias conclude that, because collection of the note was time-barred when Defendants began their collection efforts, Defendants violated the Washington Consumer Protection Act and the federal Fair Debt Collection Practices Act. However, the state court in the collection action has rejected this argument, finding that the Note is not time-barred.

In support of this legal theory, Plaintiffs rely upon *Colwell v. Eising*, specifically noting that the court in that case relied upon Restatement (Second) of Contracts § 253. Proposed Amended Complaint, Barraza Decl. Ex. D, ¶ 54 (citing *Colwell v. Eising*, 118 Wn.2d 861, 868, 827 P.2d 1005, 1009 (1992)). However, unlike the instant matter, *Colwell* did not involve an installment promissory note—a crucial distinction. As *Colwell* notes, pursuant to Restatement (Second) of Contracts § 253, generally "repudiation following partial breach by non-performance is to be treated as a total breach." *Id*. at n.4. However, this rule is inapplicable to installment promissory notes, like the Note at issue here. Rather Restatement (Second) of Contracts § 243 governs installment notes:

> Where at the time of the breach the only remaining duties of performance are those of the party in breach and are for the payment of money in installments not

OPPOSITION TO MOTION FOR RELIEF AND FOR LEAVE TO AMEND COMPLAINT - 6
USDC WD WA CAUSE NO. 2:17-cv-01505-MJP

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206.436.2020

4813-8851-4176.1

> related to one another, *his breach by non-performance as to less than the whole, whether or not accompanied or followed by a repudiation, does not give rise to a claim for damages for total breach.*

Restat 2d of Contracts, § 243(3) (2nd 1981) (emphasis added). The Restatement offers a further illustration to clarify this rule:

> A borrows $10,000 from B and promises to repay with interest in ten monthly installments. A unjustifiably fails to pay the first four installments. B has a claim against A merely for damages for partial breach for non-payment of the four unpaid installments. The result is the same even if A repudiates by telling B that he will not make the payments.

*Id*., Illustration 4.

Here, "the only remaining duties of performance" is the Plascencias' duty to make installment payments. *Id*. Thus, the Plascencias' failure to make installment payments, even if accompanied by repudiation, did not constitute a breach of their obligations to make future installment payments. Rather, any cause of action for future payment only accrues as each payment becomes due. That is, the statute of limitations runs for each installment payment individually. Because the cause of action for future payments did not accrue at purported repudiation[1], the statute of limitations did not begin to run on the portion of the Note that was not yet overdue. Indeed, the court in the underlying Collection Lawsuit specifically rejected the Plascencias' identical repudiation argument, holding that collection on the Note is not time-

---

[1] CAG disputes that the Plascencias ever repudiated their obligations under the Note. Repudiation is defined as

> (a) a statement by the obligor to the obligee indicating that the obligor will commit a breach that would of itself give the obligee a claim for damages for total breach under § 243, or

> (b) a voluntary affirmative act which renders the obligor unable or apparently unable to perform without such a breach.

Restat 2d of Contracts, § 250.

    The Plascencias do not allege that they ever made any statement that they intended to breach their entire obligation under the Note. Merely missing installment payments and allowing their home to be foreclosed upon is not a "voluntary affirmative act" that rendered the Plascencias unable or apparently unable to make future installment payments. Foreclosure extinguished the Note's security, making it an unsecured promissory note. However, foreclosure had no effect on the Plascencias obligation or ability to make installment payments on that Note. Likewise, defaulting on some installment payments did not render the Plascencias unable to make future payments. They could have resumed payments on the Note at any time.

    Subpart (b) is not intended to apply to the failure to make payment; rather, it would apply where the seller of breached a contract for the sale of nonfungible goods by selling those goods to another buyer—thereby rendering performance impossible.

OPPOSITION TO MOTION FOR RELIEF AND FOR LEAVE TO AMEND COMPLAINT - 7
USDC WD WA CAUSE NO. 2:17-cv-01505-MJP

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206.436.2020

4813-8851-4176.1

barred.

Because the Plascencias' repudiation theory is inapplicable to the Note at issue, amendment to add this theory would be futile and should therefore be denied.

### 2. Holder in Due Course

The Plascencias further seek to amend their complaint to add allegations that CAG was not a holder in due course of the Note, as alleged in the Collection Lawsuit complaint. The Plascencias allege that this alleged misstatement somehow affects CAG's ability to collect on the note. However, it is undisputed that CAG is the Note's *holder*. As the holder, CAG is entitled to enforce the note. *Fed. Fin. Co. v. Gerard*, 90 Wn. App. 169, 177, 949 P.2d 412, 415 (1998); *Bavand v. OneWest Bank*, 196 Wn. App. 813, 844–45, 385 P.3d 233, 249 (2016), as modified (Dec. 15, 2016). CAG has the legal authority to enforce the note, which is the only salient issue. Thus, to the extent the Collection Lawsuit complaint incorrectly characterizes CAG as the holder in due course, that drafting error is immaterial and has no bearing the elements of the Plascencias' causes of action in this case. Regardless, CAG has the legal authority to enforce the Note, so any misstatement about its status as holder in due course did not mislead the Plascencias about CAG's authority to collect on the Note. As such, such a misstatement would not constitute a violation of the CPA or FDCPA. Thus, the Plascencias proposed amendment is futile.

### III. CONCLUSION

For the foregoing reasons, CAG respectfully requests that the Court deny Plaintiffs' Motion for Relief from Case Schedule Deadline and for Leave to Amend Complaint.

/////

////

///

//

/

OPPOSITION TO MOTION FOR RELIEF AND FOR LEAVE TO
AMEND COMPLAINT - 8
USDC WD WA CAUSE NO. 2:17-cv-01505-MJP

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206.436.2020

4813-8851-4176.1

| | | |
|---|---|---|
| 1 | DATED this 28th day of November, 2018 | LEWIS BRISBOIS BISGAARD & SMITH LLP |

By: _s/Ethan A. Smith_
Kathleen A. Nelson, WSBA #22826
Ethan A. Smith, WSBA #50706
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
(206) 436-2020
Kathleen.Nelson@lewisbrisbois.com
Ethan.Smith@lewisbrisbois.com
Attorneys for Defendant Collins Asset Group, LLC

OPPOSITION TO MOTION FOR RELIEF AND FOR LEAVE TO AMEND COMPLAINT - 9
USDC WD WA CAUSE NO. 2:17-cv-01505-MJP

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206.436.2020

4813-8851-4176.1

# DECLARATION OF SERVICE

I hereby certify that on November 28, 2018 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys of record.

| | |
|---|---|
| ***Counsel for Plaintiff***<br>Christina L. Henry<br>Henry Degraaff & McCormick, PS<br>1833 N 105th Street, Suite 203<br>Seattle, WA 98133<br>(206) 330-0595<br>WSBA #31273 | ☐ via U.S. Mail, first class, postage prepaid<br>☐ via Legal Messenger Hand Delivery<br>☐ via Facsimile (206) 400-7609<br>☒ via U.S.D.C. CM/ECF<br>☐ via Email:<br>chenry@hdm-legal.com<br>hdmecf@gmail.com<br>mainline@hdm-legal.com |
| ***Counsel for Plaintiff***<br>V. Omar Barraza<br>Barraza Law, PLLC<br>14245-F Ambaum Blvd SW<br>Burien, WA 98166<br>(206) 933-7861<br>WSBA #43589 | ☐ via U.S. Mail, first class, postage prepaid<br>☐ via Legal Messenger Hand Delivery<br>☐ via Facsimile (206) 933-7863<br>☒ via U.S.D.C. CM/ECF<br>☐ via Email:<br>omar@barrazalaw.com<br>admin@barrazalaw.com<br>vobarraza@gmail.com |
| ***Counsel for Defendant Daniel N. Gordon, PC dba Gordon, Aylworth & Tami, P.C.***<br>Peter D. Eidenberg, WSBA #40923<br>Robert E. Sinnott, WSBA # 46170<br>Keating Jones Hughes, P.C.<br>200 SW Market Street, Suite 900<br>Portland, OR 97201-5743<br>(503) 222-9955 | ☐ via U.S. Mail, first class, postage prepaid<br>☐ via Legal Messenger Hand Delivery<br>☐ via Facsimile (503) 796-0699<br>☒ via U.S.D.C. CM/ECF<br>☐ via Email:<br>peidenberg@keatingjones.com<br>phamilton@keatingjones.com<br>rsinnott@keatingjones.com |

*s/Tami L. Foster*

Tami L. Foster
Tami.Foster@lewisbrisbois.com

OPPOSITION TO MOTION FOR RELIEF AND FOR LEAVE TO AMEND COMPLAINT - 10
USDC WD WA CAUSE NO. 2:17-cv-01505-MJP

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206.436.2020

4813-8851-4176.1