The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| JAIME PLASCENCIA and CECELIA PLASCENCIA,<br><br>Plaintiffs,<br><br>vs.<br><br>COLLINS ASSET GROUP, LLC and DANIEL N. GORDON PC d/b/a GORDON, AYLWORTH & TAMI, P.C.,<br><br>Defendants. | No. 2:17-cv-1505-MJP<br><br>REPLY TO DEFENDANTS' RESPONSE TO MOTION FOR RELIEF FROM CASE SCHEDULE DEADLINE AND FOR LEAVE TO AMEND COMPLAINT |

## I. <u>REPLY</u>

There are three grounds upon which this Court determines whether to grant leave to amend a complaint: (1) where the moving party has demonstrated undue delay, bad faith or dilatory motives; (2) where the amendment would be futile; or (3) the amendment would prejudice the other party." *Synthes, Inc. v. Marotta*, 281 F.R.D. 217 (2012); *Lake v. Arnold*, 232 F.3d 360, 373 (2000). In the absence of these factors, "leave to amend should be freely given." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "Complication of the issues alone does not justify denying plaintiffs' motion for leave to amend." *Biskas v. Clyde Seaways, S.A.,* No. Civ.A.90-2316, 1991 U.S. Dist. LEXIS 4895, 1991 WL 59950, at \*1 (E.D. Pa. Apr. 10, 1991); *see also Beltz v. Air-Ride, Inc.,* No. Civ.A.08-927, 2008 U.S. Dist. LEXIS 78963, 2008 WL 4540403, at \*2 (M.D. Pa. Oct. 7, 2008) (finding that suggestion that proposed amendment would create additional costs and lead to a more lengthy and complicated trial likely to confuse or

REPLY TO DEFENDANT CAG'S RESPONSE TO MOTION FOR RELIEF FROM CASE SCHEDULE DEADLINE AND FOR LEAVE TO AMEND COMPLAINT - 1

**Henry &DeGraaff, P.S.**
150 Nickerson St, Ste 311
Seattle, Washington 98109
telephone (206) 330-0595
fax (206) 400-7609

mislead a jury was not a persuasive reason to deny leave to amend). Moreover, "Motions to amend under Rule 15(a) serve a multitude of purposes, including "cur[ing] a defective pleading, [] correct[ing] insufficiently stated claims, [] amplify[ing] a previously alleged claim, [] chang[ing] the nature or theory of the case, [] stat[ing] additional claims, [] increas[ing] the amount of damages sought, [] elect[ing] different remedies, or [] add[ing], substitut[ing] or drop[ping] parties to the action." *Wolfson v. Lewis*, 168 F.R.D. 530, 533 (E.D. Pa. 1996) (citing L. Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, Federal Practice and Procedure: Civil 2d § 1474 (1990)). In this case, Plaintiffs seek to amend their Complaint specifically to amplify their previously alleged claims with facts they finally were able to obtain from discovery after a protracted process caused by the defendants in this case.

### A. Plaintiffs have shown the requisite good cause through their due diligence in obtaining discovery

Plaintiffs have shown good cause through the delineation of their discovery efforts in the Motion. Such efforts were collectively thwarted at every turn by the defendants. For nine months, between January and September of 2018, Plaintiffs never wavered in their effort to obtain discovery. CAG acknowledged this tremendous discovery-related delay and joined in the Motion to Stay filed by co-defendant Daniel N. Gordon ("GAT") on August 30, 2018, which this Court denied (Dkt. 59). In *Deep9Corp. v. Barnes &Noble, Inc.*, No. 11-CV-0035JLR, 2012 U.S. Dist. LEXIS 135512, 2012 WL 4336726 (W.D.Wash.2012), this Court has held, "[i]n determining whether good cause exists to amend, courts consider first whether the moving part was diligent in amending its contentions and second whether the non-moving part would suffer prejudice if the motion to amend were granted" citing to *REC Software USA, Inc. v. Bamboo Solutions Corp.,* No. C11-0554JLR, 2012 U.S. Dist. LEXIS 115191, 2012 WL 3527891, at *2-3 (W.D. Wash. Aug. 15, 2012); and *Acer, Inc. v. Tech. Prop. Ltd.*, No. 08-CV-00877, 2010 U.S. Dist. LEXIS 142472, 2010 WL 3618687, at *3 (N.D. Cal. Sept. 10, 2010)

Plaintiffs have satisfactorily shown good cause because as soon as they knew of the facts revealed through discovery, they promptly moved to amend the complaint. *Harrison Beverage Co. V. Dribeck Importers, Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990) ("What will constitute 'good cause' to

REPLY TO DEFENDANT CAG'S RESPONSE TO MOTION FOR RELIEF FROM CASE SCHEDULE DEADLINE AND FOR LEAVE TO AMEND COMPLAINT - 2

**Henry &DeGraaff, P.S.**
150 Nickerson St, Ste 311
Seattle, Washington 98109
telephone (206) 330-0595
fax (206) 400-7609

warrant modification 'necessarily varies with the circumstances of each case. The Court therefore has 'great discretion in determining what kind of showing the moving party must make in order to satisfy the good cause requirement of Rule 16(b).'"); *Roggio v. FBI*, No. 08-4991, 2011 U.S. Dist. LEXIS 91710, at *14 (D.N.J. Aug. 17, 2011) (citing *Thoman v. Philips Med. Sys.*, No. 04-3698, 2007 U.S. Dist. LEXIS 4990, at *10 (D.N.J. Jan. 24, 2007)) (internal citations omitted).

CAG does not dispute that Plaintiffs, during the past nine months, were doing everything they could to advance the litigation. Given the circumstances of this particular case, especially CAG's filing of motion for protective order in June of 2018 (Dkt.33, 46), and the delay in providinge supplemental response and proper certification until August of 2018, the Court can clearly see that the defendants were effective in slowing down the litigation and causing the delay. Therefore, Plaintiffs have met the requisite due diligence, which constitutes good cause warranting the Court granting them leave to amend. Additionally, there are no facts showing that Plaintiffs have acted in bad faith or based on dilatory moves.

### **B. The proposed amendments are not futile**

CAG's only argument in opposition to Plaintiffs' amendment is that it is futile. For this Court to determine futility, it must apply the same standard of legal sufficiency as under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Johnson v. Geico*, 673 F. Supp. 2d 244, 248 (2009). Amendment of a complaint is futile if it fails to state a claim upon which relief can be granted. In determining the futility of a proposed amendment, the district court must apply the same standard of legal sufficiency as under Fed. R. Civ. P. 12(b)(6). *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d. Cir. 1997) (citing *Glassman v. Computervision Corp.*, 90 F.3d 617, 623 (1st Cir. 1996)). If the proposed amendment is frivolous or advances a claim or defense that is legally insufficient on its face, the court may deny leave to amend. *Harrison Beverage Co. v. Dribeck Imp., Inc.,* 133 F.R.D. 463, 468-69 (D.N.J. 1990) (citing 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1487 (2nd ed. 1990)).

REPLY TO DEFENDANT CAG'S RESPONSE TO MOTION FOR RELIEF FROM CASE SCHEDULE DEADLINE AND FOR LEAVE TO AMEND COMPLAINT - 3

**HENRY &DEGRAAFF, P.S.**
150 NICKERSON ST, STE 311
SEATTLE, WASHINGTON 98109
telephone (206) 330-0595
fax (206) 400-7609

CAG has not shown futility with regards to the proposed amendment. Instead, it argues that the Plaintiffs' claims will not survive scrutiny under a summary judgment standard. If this is true, CAG would have to file a motion for summary judgment and test its theory. Otherwise, the Plaintiffs' proposed amendment should be approved by the Court.

### C. There is no prejudice to the defendant for the Court to grant leave to amend

Most notably absent from the Response filed by defendant CAG to Plaintiffs' Motion for Relief from Case Schedule Deadline and For Leave to Amend is the complete absence of Prejudice. This Court's consideration of the Plaintiffs' motion for leave to amend under Rule 15(a)(2), necessary takes into account of any resulting prejudice to CAG as the nonmovant because "prejudice to the nonmoving party is the touchstone for the denial of the amendment." *Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir. 1989; *Dueling v. Devon Energy Corp.*, 623 Fed. Appx. 127 (2015). To establish prejudice, the non-moving party must make a showing that allowing the amended pleading would (1) require the non-moving party to expend significant additional resources to conduct discovery and prepare for trial, (2) significantly delay the resolution of the dispute, or (3) prevent a party from bringing a timely action in another jurisdiction. See *Long v. Wilson,* 393 F.3d 390, 400 (3d Cir. 2004). CAG does not discuss these factors in its Response.

CAG claims there has been a long delay, however, delay alone does not justify denying a motion to amend. *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001); *U.S. v. Atlas Lederer Co.,* 215 F.R.D. 539 (2003). Additionally, unless the delay at issue will prejudice the non-moving party, a movant does not need to establish a compelling reason for its delay. *Heyl & Patterson Int'l, Inc. v. F. D. Rich Housing of Virgin Islands, Inc.,* 663 F.2d 419, 426 (3d Cir. 1981); *Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002) "Delay that is neither intended to harass nor causes any ascertainable prejudice is not a permissible reason, in and of itself to disallow an amendment of a pleading [.]" *Moore v. City of Paducah*, 790 F.2d 557, 561 (6th Cir. 1986) (quoting *Tefft v. Seward*, 689 F.2d 637, 639 n.2 (6th Cir. 1982)). As shown, the delay caused by the defendants' fierce resistance to discovery could not be attributed

REPLY TO DEFENDANT CAG'S RESPONSE TO MOTION FOR RELIEF FROM CASE SCHEDULE DEADLINE AND FOR LEAVE TO AMEND COMPLAINT - 4

**Henry &DeGraaff, P.S.**
150 Nickerson St, Ste 311
Seattle, Washington 98109
telephone (206) 330-0595
fax (206) 400-7609

to the Plaintiffs and CAG has not shown any prejudice resulting from the Court's grant leave to amend.

### D. The clearest case for leave to amend includes an amplification of previously alleged claims or defenses

Finally, Plaintiffs respectfully submit that they have the clearest case compelling leave to amend because the proposed amendment clarify and supplement the allegations they previously asserted. *Inline Connection Corp. v. AOL Time Warner, Inc.*, 237 F.R.D. 361 (2006); *Wells v. Harris*, 185 F.R.D. 128 (1999) (A defendant is not prejudiced by an amendment adding allegations of further wrongful conduct by the defendant against the background of many similar allegations, thus, amplification of previously alleged claims is one of the clearest cases for leave to amend); *Strachan v. Ashe,* 548 F.Supp. 1193 (1982) (The clearest for leave to amend are correction of an insufficient claim or defense and amplification of previously alleged claims and defenses).

## II. CONCLUSION

For the foregoing reasons, the Plaintiffs respectfully request that this Court grant their motion for relief from the Court's January 16, 2018 Order setting February 23, 2018 as the deadline to amend pleadings and grant them relief leave to amend the complaint to amplify and supplement their Fair Debt Collection Practices Act and Consumer Protection Act claims to better conform to new facts revealed through third-party discovery produced on September 17, 2018.

Dated this 30th day of November 2018.

HENRY & DEGRAAFF, P.S.

*/s/ Christina L Henry*
Christina L Henry, WSBA #31273
150 Nickerson St, Ste 311
Seattle, WA 98109
T: 206-330-0595/ F: 206-400-7609
*chenry@hdm-legal.com*

REPLY TO DEFENDANT CAG'S RESPONSE TO MOTION FOR RELIEF FROM CASE SCHEDULE DEADLINE AND FOR LEAVE TO AMEND COMPLAINT - 5

Henry &DeGraaff, P.S.
150 Nickerson St, Ste 311
Seattle, Washington 98109
telephone (206) 330-0595
fax (206) 400-7609

BARRAZA LAW PLLC

*/s/ Vicente O. Barraza*
Vicente O. Barraza, WSBA #43589
14245F Ambaum Blvd SW
Burien, WA 98166
206-933-7861
*omar@barrazalaw.com*

REPLY TO DEFENDANT CAG'S RESPONSE TO MOTION FOR RELIEF FROM CASE SCHEDULE DEADLINE AND FOR LEAVE TO AMEND COMPLAINT - 6

HENRY &DeGRAAFF, P.S.
150 NICKERSON ST, STE 311
SEATTLE, WASHINGTON 98109
telephone (206) 330-0595
fax (206) 400-7609

# CERTIFICATE OF SERVICE

I, Vicente Omar Barraza, declare as follows:

I am a citizen of the United States and of the State of Washington, over the age of 21 years, not a party to the above-entitled action and competent to be a witness.

On November 30, 2018, I caused to be served the Reply to the Defendant's Response to the Motion for Relief from Case Schedule Deadline and for Leave to Amend and the Declarations of Christina L Henry and Vicente Omar Barraza in Support electronically via USDC court system CM/ECF:

| | |
|---|---|
| Kathleen A. Nelson<br>LEWIS BRISBOIS BISGAARD & SMITH LLP<br>1111 Third Avenue, Suite 2700<br>Seattle, WA 98101<br>Phone: (206) 436-2020<br>Email: Kathleen.Nelson@lewisbrisbois.com<br>Attorneys for Defendant Collins Asset Group, LLC | Stephen H. Turner<br>LEWIS BRISBOIS BISGAARD & SMITH LLP<br>633 West 5th Street<br>Los Angeles, CA 90071<br>Phone: (213) 680-5081<br>Email: Stephen.Turner@lewisbrisbois.com<br>Attorneys for Defendant Collins Asset Group, LLC |
| Peter Eidenberg<br>KEATING JONES HUGHES, PC<br>One Southwest Columbia Street<br>Suite 800<br>Portland, Oregon 97258-2095<br>Tel# 503-222-9955<br>FAX 503-796-0699<br>Email: peidenberg@keatingjones.com<br>Attorneys for Daniel N. Gordon PC d/b/a Gordon Aylworth & Tami, P.C | Robert E. Sinnott<br>KEATING JONES HUGHES, PC<br>One Southwest Columbia Street<br>Suite 800<br>Portland, Oregon 97258-2095<br>Tel# 503-222-9955<br>FAX 503-796-0699<br>Email: rsinnott@keatingjones.com<br>Attorneys for Daniel N. Gordon PC d/b/a Gordon Aylworth & Tami, P.C. |

I declare under penalty of perjury under the laws of the State of Washington and the United States that the foregoing is true and correct to the best of my knowledge.

Executed this 30th day of November 2018, at Burien, Washington.

/s/ Vicente O. Barraza
Vicente O. Barraza, WSBA #43589

REPLY TO DEFENDANT CAG'S RESPONSE TO MOTION FOR RELIEF FROM CASE SCHEDULE DEADLINE AND FOR LEAVE TO AMEND COMPLAINT - 7

HENRY &DeGRAAFF, P.S.
150 NICKERSON ST, STE 311
SEATTLE, WASHINGTON 98109
telephone (206) 330-0595
fax (206) 400-7609