UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAMIE PLASCENCIA and CECILIA PLASCENCIA,<br><br>   Plaintiffs,<br><br>   v.<br><br>COLLINS ASSET GROUP, LLC and DANIEL N. GORDON PC d/b/a GORDON, AYLWORTH & TAMI, P.C.,<br><br>   Defendants. | CASE NO. C17-1505-MJP<br><br>ORDER GRANTING MOTION FOR LEAVE TO AMEND COMPLAINT |

THIS MATTER comes before the Court on Plaintiffs' Motion for Leave to Amend Complaint. (Dkt. No. 64.) Having reviewed the Motion, the Response (Dkt. No. 67), the Reply (Dkt. No. 68) and the related record, the Court GRANTS the Motion.

Plaintiffs filed this action in October 2017 alleging causes of action including violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., the Washington Collections Agency Act, RCW 19.16 et seq., and the Washington Consumer Protection Act, RCW 19.86 et seq.. (See Dkt. Nos. 1, 4.) Since then, the parties have proceeded with discovery, including

discovery directed at third parties. In September 2018, Plaintiffs claim they received discovery responses and records from third party ResCap Liquidating Trust (RCS Recovery Services, LLC) "which revealed crucial new facts related to the chain of title, charge-off, and lack of loan servicing which animate the amended complaint." (Dkt. No. 64.) The Court's scheduling order set February 23, 2018 as the deadline for filing amended pleadings. (Dkt. No. 32.) Accordingly, Plaintiffs now seek leave to file an amended complaint to articulate these recently discovered facts and to "clarify and supplement the allegations they previously asserted." (Dkt. No. 64; Dkt. No. 68.) The proposed amendments would not add any new parties or causes of action, but include facts related to (1) Plaintiffs' alleged repudiation of their obligations on the note and (2) Collins Asset Group, LLC's representation that it was a "holder in due course" with respect to the note, when it allegedly was not. (See Dkt. No. 64, Ex. 1.)

A party seeking leave to amend a complaint after the date specified in the scheduling order must establish both "good cause" to modify the scheduling order under Federal Rule of Civil Procedure 16 and that amendment is proper under Federal Rule of Civil Procedure 15. Under Rule 16, the focus of the inquiry is on the moving party's diligence and reasons for seeking modification. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992) (citations omitted). A party establishes "good cause" by showing that, even acting diligently, it could not have met the deadlines set forth in the scheduling order. Id. Once this threshold is met, leave to amend under Rule 15 is to be granted freely "when justice so requires." Fed. R. Civ. P. 15(a)(2). While there is a "strong policy in favor of allowing amendment," Royal Ins. Co. of Am. v. Southwest Marine, 194 F.3d 1009, 1016 (9th Cir. 1999) (citation omitted), leave need not be granted where the amendment is sought in bad faith, would prejudice the opposing party, would result in undue delay, or is futile. Id.

Defendants contend that Plaintiffs have not demonstrated "good cause," as they were previously aware of the facts they seek to articulate in their amended complaint. (Dkt. No. 67.) Defendants also contend that the proposed amendments are futile. (Id.) The Court finds no evidence of bad faith, undue delay, or prejudice, as the documents underlying Plaintiffs' legal theories were received only recently in discovery and the proposed amendments are consistent with the claims already pending in this litigation. The Court cannot determine at this stage whether the proposed amendments are futile. That the state court granted summary judgment on the repudiation claim in the underlying debt collection action does not indicate that the claim will fail as a matter of law in this action, where the causes of action are manifestly different. Most importantly, the Court finds that Defendants will not be prejudiced by the proposed amendments. Trial in this matter is nine months away, and as noted above, the proposed amendments are consistent with the existing claims in this litigation.

Therefore, the Court GRANTS Plaintiffs' Motion for Leave to Amend. Plaintiffs shall file their amended complaint within three (3) days of the date of this Order.

The clerk is ordered to provide copies of this order to all counsel.

Dated December 7, 2018.

_____
Marsha J. Pechman
United States District Judge