UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| JAIME PLASCENCIA and CECELIA PLASCENCIA, | ) ) ) | Case No. 2:17-CV-01505-MJP |
| Plaintiff, | ) ) ) | **DEFENDANTS DANIEL N. GORDON, PC dba GORDAN AYLWORTH & TAMI, PC'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT** |
| v. | ) ) | |
| COLLINS ASSET GROUP, LLC and DANIEL N. GORDON PC d/b/a GORDON, AYLWORTH & TAMI, P.C., | ) ) ) | |
| Defendants. | | |

Comes now defendant Daniel N. Gordon d/b/a Gordon, Aylworth & Tami, P.C. (collectively, "GAT") in the above-captioned matter to answer and assert the following affirmative defenses in response to the allegations in plaintiffs' Second Amended Complaint. GAT generally denies all of the allegations in the Second Amended Complaint except as may be specifically admitted or denied below, referring to the Paragraphs as numbered in plaintiffs' Second Amended Complaint.

### I. JURISDICTION AND VENUE

1. As to Paragraph 1, admits this Court has subject matter jurisdiction based on plaintiffs' Fair Debt Collection Practices Act claims, 15 U.S.C. § 1692, *et seq.*, and supplemental

**DEFENDANTS DANIEL N. GORDON, PC dba GORDAN AYLWORTH & TAMI, PC'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT -** Page 1
2:17-CV-01505-MJP

Doc No. 1295558

KEATING JONES HUGHES P.C.
200 SW Market St., Suite 900
Portland, Oregon 97201-5730
(503) 222-9955

1. jurisdiction over plaintiffs' state law claims. GAT denies the conduct at issue was "offensive."

2. As to Paragraph 2, admits this Court had jurisdiction but denies that declaratory relief is an appropriate remedy for plaintiffs.

3. As to Paragraph 3, admits venue is proper because, on information and belief, plaintiffs reside within this jurisdiction, GAT practices law in this venue, and the events at issue in plaintiffs' Second Amended Complaint arose within this venue. GAT denies that its actions were "unlawful."

## II. PARTIES

4. As to Paragraph 4, admits on information and belief that plaintiffs are natural persons; admits plaintiffs owed a debt to Collins Asset Group, LLC ("CAG"); admits GAT attempted to collect that debt on behalf of its client, CAG; and admits GAT's most recent information for plaintiffs indicates they reside in King County, Washington.

5. As to Paragraph 5, admits that plaintiffs are consumers.

6. As to Paragraph 6, these allegations are not directed at GAT and, therefore, no response is required. To the extent a response is required, GAT incorporates CAG's response to the allegations contained in Paragraph 6 but denies any allegations to the extent they apply to GAT.

7. As to Paragraph 7, these allegations are not directed at GAT and, therefore, no response is required. To the extent a response is required, GAT incorporates CAG's response to the allegations contained in Paragraph 7 but denies any allegations to the extent they apply to GAT.

8. As to Paragraph 8, these allegations are not directed at GAT and, therefore, no response is required. To the extent a response is required, GAT incorporates CAG's response to the allegations contained in Paragraph 8 but denies any allegations to the extent they apply to GAT.

///

**DEFENDANTS DANIEL N. GORDON, PC dba GORDAN AYLWORTH & TAMI, PC'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT -** Page 2
2:17-CV-01505-MJP

Doc No. 1295558

KEATING JONES HUGHES P.C.
200 SW Market St., Suite 900
Portland, Oregon 97201-5730
(503) 222-9955

9. As to Paragraph 9, these allegations are not directed at GAT and, therefore, no response is required. To the extent a response is required, GAT incorporates CAG's response to the allegations contained in Paragraph 9 but denies any allegations to the extent they apply to GAT.

10. As to Paragraph 10, admits admit GAT is a law firm, organized as an Oregon Professional Corporation and licensed as an Out of State Collection Agency through the Washington State Department of Revenue; admits its principal office is located at 4023 W. 1st Ave., Eugene, OR 97402; admits it practices law in this jurisdiction; and admits Daniel N. Gordon, PC's UBI number is 603270108.

11. As to Paragraph 11, admits GAT is a law firm practicing in Oregon and Washington and which provides legal services to its clients, including debt collection; admits it was collecting a debt against plaintiffs on behalf of its client, CAG. Except as expressly admitted, the balance of Paragraph 11 contains conclusions of law to which no response is required.

12. As to Paragraph 12, admits it was collecting a debt against plaintiffs on behalf of its client, CAG. Except as expressly admitted, the balance of Paragraph 12 contains conclusions of law to which no response is required.

13. Paragraph 13 contains conclusions of law to which no response is required.

14. As to Paragraph 14, admits it is licensed as an Out-of-State Collection Agency through the Washington State Department of Revenue.

15. As to Paragraph 15, admits personal jurisdiction is proper.

### III. FACTUAL ALLEGATIONS

16. As to Paragraph 16, admits on information and belief that plaintiffs executed at least one Note secured by a Deed of Trust to finance the purchase of a home at 19665 Southeast 259th Street, Covington, Washington 98042, on or about September 14, 2006. Further admits on information and belief at least one Note executed by plaintiffs on September 14, 2006, was for an

**DEFENDANTS DANIEL N. GORDON, PC dba GORDAN AYLWORTH & TAMI, PC'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT -** Page 3
2:17-CV-01505-MJP

Doc No. 1295558

KEATING JONES HUGHES P.C.
200 SW Market St., Suite 900
Portland, Oregon 97201-5730
(503) 222-9955

1 amount totalling $47,829.00 and required a monthly payment of $493.82. The lender for the

2 Note was Mortgage Lenders Network USA, Inc., and the Note was secured by a Deed of Trust.

3     17.    As to Paragraph 17, admits plaintiffs defaulted on their First Note and Second

4 Note. Further admits Exhibit A is an unofficial copy of a Notice of Trustee's Sale, which speaks

5 for itself. GAT is without sufficient information as to the remaining allegations within this

6 paragraph and, therefore, denies the same.

7     18.    As to Paragraph 18, admits based on information and belief that the non-judicial

8 foreclosure occurred on August 13, 2010, at 10:00 a.m. GAT is without sufficient information as

9 to the remaining allegations within this paragraph and, therefore, denies the same.

10     19.    As to Paragraph 19, admits Exhibit B is an unofficial copy of a Trustee's Deed,

11 which speaks for itself.

12     20.    As to Paragraph 20, GAT is without sufficient information as to the allegations

13 within this paragraph and, therefore, denies the same.

14     21.    As to Paragraph 21, GAT is without sufficient information as to the allegations

15 within this paragraph and, therefore, denies the same.

16     22.    As to Paragraph 22, GAT is without sufficient information as to the allegations

17 within this paragraph and, therefore, denies the same.

18     23.    As to Paragraph 23, GAT is without sufficient information as to the allegations

19 within this paragraph and, therefore, denies the same.

20     24.    As to Paragraph 24, GAT is without sufficient information as to the allegations

21 within this paragraph and, therefore, denies the same.

22     25.    As to Paragraph 25, GAT is without sufficient information as to the allegations

23 within this paragraph and, therefore, denies the same.

24     26.    As to Paragraph 26, GAT denies the allegations.

25     27.    As to Paragraph 27, GAT is without sufficient information as to the allegations

26 within this paragraph and, therefore, denies the same.

**DEFENDANTS DANIEL N. GORDON, PC dba GORDAN AYLWORTH & TAMI, PC'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT -** Page 4
2:17-CV-01505-MJP

Doc No. 1295558

KEATING JONES HUGHES P.C.
200 SW Market St., Suite 900
Portland, Oregon 97201-5730
(503) 222-9955

28. As to Paragraph 28, GAT is without sufficient information as to the allegations within this paragraph and, therefore, denies the same.

29. As to Paragraph 29, admits it sent each plaintiff a letter dated March 23, 2017. GAT is without sufficient information as to the remaining allegations within this paragraph and, therefore, denies the same.

30. As to Paragraph 30, GAT is without sufficient information as to the allegations within this paragraph and, therefore, denies the same.

31. As to Paragraph 31, GAT admits Exhibit D to plaintiffs' Second Amended Complaint appears to be an "Unsecure Debt Sales Agreement" with an effective date of December 19, 2013. Exhibit D speaks for itself

32. As to Paragraph 32, these allegations are not directed at GAT and, therefore, no response is required. To the extent a response is required, GAT incorporates CAG's response to the allegations contained in Paragraph 32 but denies any allegations to the extent they apply to GAT.

33. As to Paragraph 33, admits it sent a letter to each plaintiff at their former address on or about February 16, 2017, the content of which were substantively identical to the letters GAT later sent to plaintiffs on March 23, 2017. GAT further admits it received a letter from plaintiffs requesting validation of the debt thereafter. GAT is without sufficient information as to the remaining allegations within this paragraph and, therefore, denies the same.

34. As to Paragraph 34, admits it responded to plaintiffs' request for debt validation by providing documents related to the debt to plaintiffs by letter dated April 18, 2017. Included with that letter were copies of: prior correspondence to plaintiff sent by CAG; the September 14, 2006, promissory note at issue; chain of title documents; and the Deed of Trust executed September 14, 2006 (King County Recorder's Office, Instrument No. 20060915002566). GAT is without sufficient information as to the remaining allegations within this paragraph and, therefore, denies the same.

**DEFENDANTS DANIEL N. GORDON, PC dba GORDAN AYLWORTH & TAMI, PC'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT -** Page 5
2:17-CV-01505-MJP

Doc No. 1295558

KEATING JONES HUGHES P.C.
200 SW Market St., Suite 900
Portland, Oregon 97201-5730
(503) 222-9955

35. As to Paragraph 35, these allegations are not directed at GAT and, therefore, no response is required. To the extent a response is required, GAT incorporates CAG's response to the allegations contained in Paragraph 25 but denies any allegations to the extent they apply to GAT.

36. As to Paragraph 36, these allegations are not directed at GAT and, therefore, no response is required. To the extent a response is required, GAT incorporates CAG's response to the allegations contained in Paragraph 36 but denies any allegations to the extent they apply to GAT.

37. As to Paragraph 37, these allegations are not directed at GAT and, therefore, no response is required. To the extent a response is required, GAT incorporates CAG's response to the allegations contained in Paragraph 37 but denies any allegations to the extent they apply to GAT

38. As to Paragraph 38, these allegations are not directed at GAT and, therefore, no response is required. To the extent a response is required, GAT incorporates CAG's response to the allegations contained in Paragraph 38 but denies any allegations to the extent they apply to GAT.

39. As to Paragraph 39, these allegations are not directed at GAT and, therefore, no response is required. To the extent a response is required, GAT incorporates CAG's response to the allegations contained in Paragraph 39but denies any allegations to the extent they apply to GAT.

40. As to Paragraph 40, these allegations are not directed at GAT and, therefore, no response is required. To the extent a response is required, GAT incorporates CAG's response to the allegations contained in Paragraph 40but denies any allegations to the extent they apply to GAT.

41. As to Paragraph 41, these allegations are not directed at GAT and, therefore, no response is required. To the extent a response is required, GAT incorporates CAG's response to

**DEFENDANTS DANIEL N. GORDON, PC dba GORDAN AYLWORTH & TAMI, PC'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT -** Page 6
2:17-CV-01505-MJP

Doc No. 1295558

KEATING JONES HUGHES P.C.
200 SW Market St., Suite 900
Portland, Oregon 97201-5730
(503) 222-9955

the allegations contained in Paragraph 41 but denies any allegations to the extent they apply to GAT. GAT admits Exhibit E to plaintiffs' Second Amended Complaint appears to be a letter from CAG to plaintiff Jamie Plascencia dated July 21, 2015. The content of the letter speaks for itself.

42. As to Paragraph 42, these allegations are not directed at GAT and, therefore, no response is required. To the extent a response is required, GAT incorporates CAG's response to the allegations contained in Paragraph 42, but denies any allegations to the extent they apply to GAT. GAT admits the content of the letter from CAG to plaintiff Jamie Plascencia dated July 21, 2015, speaks for itself.

43. As to Paragraph 43, these allegations are not directed at GAT and, therefore, no response is required. To the extent a response is required, GAT incorporates CAG's response to the allegations contained in Paragraph 43, but denies any allegations to the extent they apply to GAT. GAT denies Exhibit F to plaintiffs' Second Amended Complaint is a letter from CAG to plaintiff Jamie Plascencia dated September 22, 2015.

44. As to Paragraph 44, these allegations are not directed at GAT and, therefore, no response is required. To the extent a response is required, GAT incorporates CAG's response to the allegations contained in Paragraph 44, but denies any allegations to the extent they apply to GAT. GAT admits the content of the letter from CAG to plaintiff Jamie Plascencia dated September 22, 2015, speaks for itself.

45. As to Paragraph 45, these allegations are not directed at GAT and, therefore, no response is required. To the extent a response is required, GAT incorporates CAG's response to the allegations contained in Paragraph 45, but denies any allegations to the extent they apply to GAT. GAT denies Exhibit E to plaintiffs' Second Amended Complaint is a letter from CAG to plaintiff Jamie Plascencia dated October 27, 2015.

46. As to Paragraph 46, admits these allegations. GAT further admits Exhibit F to plaintiffs' Second Amended Complaint contains a copy of the Summons and Complaint filed by

**DEFENDANTS DANIEL N. GORDON, PC dba GORDAN AYLWORTH & TAMI, PC'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT -** Page 7
2:17-CV-01505-MJP

Doc No. 1295558

KEATING JONES HUGHES P.C.
200 SW Market St., Suite 900
Portland, Oregon 97201-5730
(503) 222-9955

1 GAT in King County District Court on June 6, 2017, along with other documents related to the
2 collection lawsuit filed in the King County District Court. The documents speak for themselves.

47. As to Paragraph 47, admits the Complaint filed in the King County District Court speaks for itself.

48. As to Paragraph 48, admits it attempted to collect damages as alleged in the collection complaint (contained in Exhibit F to plaintiffs' Second Amended Complaint), but otherwise denies these allegations.

49. As to Paragraph 49, admits the collection Complaint (contained in Exhibit F to plaintiffs' Second Amended Complaint) speaks for itself. GAT denies any allegations about making misrepresentations.

50. As to Paragraph 50, admits the website cited by footnote speaks for itself; defendant can neither admit nor deny the remaining allegations as alleged and, therefore, denies the same.

51. As to Paragraph 51, these allegations are not directed at GAT and, therefore, no response is required. To the extent a response is required, GAT incorporates CAG's response to the allegations contained in Paragraph 51, but denies any allegations to the extent they apply to GAT.

52. As to Paragraph 52, admits defendant did not add collection costs or fees to the stated principal balance of plaintiffs' debt; defendant can neither admit nor deny the remaining allegations as alleged and, therefore, denies the same.

53. As to Paragraph 53, admit plaintiffs defaulted on their debts; otherwise, denies these allegations.

54. As to Paragraph 54, the allegations in Paragraph 54 make no factual allegation and merely recite legal authority, and no answer from GAT is required.

55. As to Paragraph 55, denies these allegations.

///

**DEFENDANTS DANIEL N. GORDON, PC dba GORDAN AYLWORTH & TAMI, PC'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT -** Page 8
2:17-CV-01505-MJP

Doc No. 1295558

KEATING JONES HUGHES P.C.
200 SW Market St., Suite 900
Portland, Oregon 97201-5730
(503) 222-9955

56. As to Paragraph 56, GAT is without sufficient information as to the allegations within this paragraph and, therefore, denies the same.

57. As to Paragraph 57, GAT is without sufficient information as to the allegations within this paragraph and, therefore, denies the same.

58. As to Paragraph 58, admits the collection lawsuit at Exhibit F was filed on June 6, 2017; otherwise, GAT denies the allegations of Paragraph 58.

59. As to Paragraph 59, denies these allegations.

## IV.   CAUSES OF ACTION

### A. GENERAL ALLEGATIONS APPLICABLE TO ALL FDCPA CLAIMS

60. As to Paragraph 60, GAT incorporates its responses, above.

61. Paragraph 61 contains conclusions of law to which no response is required.

62. Paragraph 62 contains conclusions of law to which no response is required.

63. Paragraph 63 contains conclusions of law to which no response is required.

64. Paragraph 64 contains conclusions of law to which no response is required.

### Count 1

65. As to Paragraph 65, GAT incorporates its responses, above.

66. Paragraph 66 contains conclusions of law to which no response is required.

67. Paragraph 67 contains conclusions of law to which no response is required

68. As to Paragraph 68, GAT denies these allegations.

69. As to Paragraph 69, GAT denies these allegations.

### Count 2

70. Paragraph 70 contains conclusions of law to which no response is required.

71. As to Paragraph 71, GAT denies these allegations.

72. As to Paragraph 72, GAT incorporates its response to Paragraph 68 and again denies these allegations.

73. As to Paragraph 73, GAT denies these allegations.

**DEFENDANTS DANIEL N. GORDON, PC dba GORDAN AYLWORTH & TAMI, PC'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT -** Page 9
2:17-CV-01505-MJP

Doc No. 1295558

KEATING JONES HUGHES P.C.
200 SW Market St., Suite 900
Portland, Oregon 97201-5730
(503) 222-9955

## B. GENERAL ALLEGATIONS APPLICABLE TO ALL CPA CLAIMS

74. Paragraph 74 contains conclusions of law to which no response is required.

75. As to Paragraph 75, GAT admits it is licensed as an Out-of-State Collection Agency through the Washington State Department of Revenue. GAT is without sufficient information as to the remaining allegations within this paragraph and, therefore, denies the same.

76. Paragraph 76 contains conclusions of law to which no response is required.

77. Paragraph 77 contains conclusions of law to which no response is required.

78. Paragraph 78 contains conclusions of law to which no response is required.

79. Paragraph 79 contains conclusions of law to which no response is required.

### Count 3

80. Paragraph 80 contains conclusions of law to which no response is required.

81. GAT is without sufficient information as to the remaining allegations within this paragraph and, therefore, denies the same.

82. As to Paragraph 82, GAT is without sufficient information to admit or deny what was "known to CAG"; GAT is without sufficient information as to the remaining allegations within this paragraph and, therefore, denies the same.

### Count 4

84. Paragraph 84 contains conclusions of law to which no response is required.

85. As to Paragraph 85, GAT denies plaintiff's allegations in subparts a through c; subpart d contains conclusions of law to which no response is required.

86. As to Paragraph 86, GAT incorporates it response to Paragraph 68 and again denies these allegations.

87. As to Paragraph 87, GAT denies these allegations.

### Count 5

88. Paragraph 88 contains conclusions of law to which no response is required.

///

**DEFENDANTS DANIEL N. GORDON, PC dba GORDAN AYLWORTH & TAMI, PC'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT -** Page 10
2:17-CV-01505-MJP

Doc No. 1295558

KEATING JONES HUGHES P.C.
200 SW Market St., Suite 900
Portland, Oregon 97201-5730
(503) 222-9955

89. As to Paragraph 89, admits the collection Complaint (contained in Exhibit F to plaintiffs' Second Amended Complaint) speaks for itself.

90. Paragraph 90 contains conclusions of law to which no response is required.

91. As to Paragraph 91, GAT incorporates it response to Paragraph 68 and again denies these allegations

92. As to Paragraph 92, GAT denies these allegations.

### Count 6

93. Paragraph 93 contains conclusions of law to which no response is required.

94. As to paragraph 94, GAT denies these allegations.

### Count 7 - Injunctive Relief

95. Paragraph 95 contains conclusions of law to which no response is required.

96. Paragraph 96 contains conclusions of law to which no response is required. To the extent a response is required, GAT denies that plaintiffs are entitled to injunctive relief.

97. As to paragraph 97, GAT denies plaintiffs are entitled to injunctive relief.

98. As to paragraph 98, GAT is without sufficient information to form a belief as to what plaintiffs "have reason to believe," and denies the same; to the extent Paragraph 98 makes further allegations GAT denies those allegations.

99. As to paragraph 99, GAT denies these allegations.

100. As to paragraph 100, GAT denies these allegations.

### IV. PRAYER FOR RELIEF

101. As to the Prayer for Relief, GAT denies these allegations.

### V. GENERAL DENIAL

102. Except as expressly admitted in this Answer, GAT denies each and every remaining allegation in the Second Amended Complaint as directed at GAT. GAT further denies any allegation not clearly directed at GAT due to plaintiffs' Second Amended Complaint referring to "defendants" without further distinction or differentiation. GAT also denies that

**DEFENDANTS DANIEL N. GORDON, PC dba GORDAN AYLWORTH & TAMI, PC'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT - Page 11**
2:17-CV-01505-MJP
Doc No. 1295558

KEATING JONES HUGHES P.C.
200 SW Market St., Suite 900
Portland, Oregon 97201-5730
(503) 222-9955

plaintiffs are entitled to recover any damages as alleged in the Second Amended Complaint.

## VI. AFFIRMATIVE DEFENSES

103. GAT repeats, re-alleges, and incorporates by reference its forgoing answers and further alleges the following Affirmative Defenses:

### First Affirmative Defense

104. The Amended Complaint, and each and every claim for relief therein, fails to state a claim against GAT.

### Second Affirmative Defense

105. Plaintiffs' purported claims arising under the FDCPA, 15 U.S.C. § 1692 *et seq.*, are subject to a one year statute of limitations from the date this lawsuit was commenced. 15 U.S.C. § 1692k(d). Therefore, to the extent any of plaintiffs' FDCPA claims relate to conduct or collection activity by GAT that occurred more than one year before October 6, 2017, the date this action was filed, those claims are barred by the applicable statute of limitations.

### Third Affirmative Defense

106. Plaintiffs' claims and any alleged damages are barred in whole or in part to the extent the evidence shows that plaintiffs' claims or damages have been caused by the actions of third persons for whom GAT is not legally responsible.

### Fourth Affirmative Defense

107. In the event it is determined that GAT violated any provision of the FDCPA, 15 U.S.C. § 1692 *et seq.*, which GAT specifically denies, any purported violation was unintentional and occurred notwithstanding the fact GAT maintains procedures adapted to avoid such an error.

### Fifth Affirmative Defense

108. In the event it is determined that GAT violated any provision of the Consumer Protection Act or any other statute, which GAT specifically denies, any purported violation was unintentional, and GAT's purported misconduct was reasonable under the circumstances and undertaken in good faith.

**DEFENDANTS DANIEL N. GORDON, PC dba GORDAN AYLWORTH & TAMI, PC'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT -** Page 12
2:17-CV-01505-MJP

Doc No. 1295558

KEATING JONES HUGHES P.C.
200 SW Market St., Suite 900
Portland, Oregon 97201-5730
(503) 222-9955

### Sixth Affirmative Defense

109. GAT states that plaintiffs' damages, if any, are offset by amounts that they owe on the debt at issue in the collection lawsuit.

### Seventh Affirmative Defense

110. Based on the allegations in the Amended Complaint, plaintiffs lack adequate standing to seek injunctive relief pursuant to RCW 19.86.090.

### Eighth Affirmative Defense

111. GAT states that plaintiffs' damages, if any, were caused in whole or in part by plaintiffs' failure to mitigate their damages.

### RESERVATION OF RIGHTS

112. GAT reserves the right to add, supplement, modify, change or amend, in whole or in part, any portion of its Answer or affirmative defenses as the facts and circumstances become known through discovery and/or further investigation.

WHEREFORE, having fully answered the claims made against it in Plaintiffs' Amended Complaint, GAT prays for judgment in its favor, including fees, costs, whether authorized by law, equity or contract, and whatever other relief the Court may deem reasonable and appropriate.

DATED this 24th day of December, 2018.

KEATING JONES HUGHES, P.C.

*s/ Peter D. Eidenberg*
Kelly F. Huedepohl, WSBA No. 53456
Peter D. Eidenberg, WSBA No. 40923
200 SW Market Street, Suite 900
Portland, OR 97201
Phone: (503) 222-9955
Fax: (503) 796-0699
Emails: khuedepohl@keatingjones.com and to peidenberg@keatingjones.com
Of Attorneys for Daniel N. Gordon PC d/b/a Gordon Aylworth & Tami, P.C.

**DEFENDANTS DANIEL N. GORDON, PC dba GORDAN AYLWORTH & TAMI, PC'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT -** Page 13
2:17-CV-01505-MJP

Doc No. 1295558

KEATING JONES HUGHES P.C.
200 SW Market St., Suite 900
Portland, Oregon 97201-5730
(503) 222-9955

# CERTIFICATE OF SERVICE

I hereby certify that on December 24, 2018, I electronically filed the foregoing **DEFENDANTS DANIEL N. GORDON, PC dba GORDAN AYLWORTH & TAMI, PC'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT** with the United States District Court for the Western District of Washington at Seattle by using the CM/ECF system. I certify that the following parties or their counsel of record are registered as ECF Filers and that they will be served by the CM/ECF system.

| | |
|---|---|
| Christina L. Henry<br>HENRY, DEGRAAFF & MCCORMICK, PS<br>1833 N. 105TH ST, SUITE 203<br>SEATTLE, WA 98133<br>Phone: (206) 330-0595<br>Email: chenry@HDM-legal.com<br>Of Attorneys for Jaime and Cecelia Plascencia | V. Omar Barraza<br>BARRAZA LAW, PLLC<br>14245F Ambaum Blvd SW<br>Burien, WA 98166-1421<br>Phone: (206) 933-7861<br>Email: omar@barrazalaw.com<br>Of Attorneys for Jaime and Cecelia Plascencia |
| Stephen Turner<br>LEWIS BRISBOIS<br>633 West 5th Street<br>Los Angeles, CA 90071<br>Phone: (213) 680-5081<br>Email: Stephen.Turner@lewisbrisbois.com<br>Of Attorneys for Defendant Collins Asset Group, LLC | Kathleen A. Nelson<br>LEWIS BRISBOIS BISGAARD & SMITH LLP<br>1111 Third Avenue, Suite 2700<br>Seattle, WA 98101<br>Phone: (206) 436-2020<br>Email: Kathleen.Nelson@lewisbrisbois.com<br>Of Attorneys for Defendant Collins Asset Group, LLC |

KEATING JONES HUGHES, P.C.

*s/ Peter D. Eidenberg*
Kelly F. Huedepohl, WSBA No. 53456
Peter D. Eidenberg, WSBA No. 40923
200 SW Market Street, Suite 900
Portland, OR 97201
Phone: (503) 222-9955
Fax: (503) 796-0699
Emails: khuedepohl@keatingjones.com and to peidenberg@keatingjones.com
Of Attorneys for Daniel N. Gordon PC d/b/a Gordon Aylworth & Tami, P.C.

**DEFENDANTS DANIEL N. GORDON, PC dba GORDAN AYLWORTH & TAMI, PC'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT -** Page 14
2:17-CV-01505-MJP

Doc No. 1295558

KEATING JONES HUGHES P.C.
200 SW Market St., Suite 900
Portland, Oregon 97201-5730
(503) 222-9955