1

2                                                                Judge Marsha J. Pechman

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                          WESTERN DISTRICT OF WASHINGTON

10   JAIME PLASCENCIA AND CECELIA          | Civil Action No. 2:17-cv-01505-MJP
     PLASCENCIA,
11                                          | DEFENDANT COLLINS ASSET GROUP,
                     Plaintiffs,            | LLC'S ANSWER TO SECOND AMENDED
12                                          | COMPLAINT FOR VIOLATIONS OF 15
              vs.                           | USC §1692 AND RCW CHAPTERS 19.16
13                                          | AND 19.86 ET SEQ.
     COLLINS ASSET GROUP, LLC AND
14   DANIEL N. GORDON, PC D/B/A GORDON,
     AYLWORTH & TAMI, P.C.,
15
                     Defendants.
16

17          COME NOW Defendant Collins Asset Group, LLC ("CAG") by and through its

18   undersigned counsel of record, and for its Answer to Plaintiffs Jaime and Cecelia Plascencias'

19   Second Amended Complaint for Violations of 15 USC §1692 and RCW Chapters 19.16 and

20   19.86 Et Seq. ("Second Amended Complaint"), admits, denies, and avers as follows:

21                   I.        JURISDICTION AND VENUE

22          1.      In answer to paragraph 1 of the Second Amended Complaint, CAG states that the

23   first two sentences contain allegations that do not require a response.  CAG admits that this

24   Court has original jurisdiction over the Plascencias' Fair Debt Collection Practices Act (FDCPA)

25   claims.  As to any remaining allegations, CAG denies.

26          2.      In answer to paragraph 2 of the Second Amended Complaint, CAG admits.

27          3.      In answer to paragraph 3 of the Second Amended Complaint, CAG admits that

ANSWER  - 1
USDC WD WA CAUSE NO. 2:17-cv-01505-MJP

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206.436.2020

4833-2241-7283.2

venue is proper.  As to whether the Plascencias reside within the territorial jurisdiction of the Court, CAG lacks sufficient knowledge or information to determine the truth or falsity of these allegations and therefore denies.  As to any remaining allegations, CAG denies.

## II.     PARTIES

4.     In answer to paragraph 4 of the Second Amended Complaint, CAG states that the allegations regarding the Plascencias' status as natural persons and the Plascencias' residence are not directed at CAG, and therefore no response is required.  As to any remaining allegations, CAG denies.

5.     In answer to paragraph 5 of the Second Amended Complaint, CAG lacks sufficient knowledge or information to determine the truth or falsity of these allegations and therefore denies.

6.     In answer to paragraph 6 of the Second Amended Complaint, CAG denies.

7.     In answer to paragraph 7 of the Second Amended Complaint, CAG denies.

8.     In answer to paragraph 8 of the Second Amended Complaint, CAG denies.

9.     In answer to paragraph 9 of the Second Amended Complaint, CAG admits.

10.     In answer to paragraph 10 of the Second Amended Complaint, CAG states that this paragraph contains allegations not directed to CAG, and therefore no response is required.

11.     In answer to paragraph 11 of the Second Amended Complaint, CAG states that this paragraph contains allegations not directed to CAG, and therefore no response is required. To the extent a response is required, CAG denies that the debt in question falls within the purview of the FDCPA.

12.     In answer to paragraph 12 of the Second Amended Complaint, CAG states that this paragraph contains allegations not directed to CAG, and therefore no response is required.

13.     In answer to paragraph 13 of the Second Amended Complaint, CAG states that this paragraph contains allegations not directed to CAG, and therefore no response is required.

14.     In answer to paragraph 14 of the Second Amended Complaint, CAG states that this paragraph contains allegations not directed to CAG, and therefore no response is required.

ANSWER  - 2
USDC WD WA CAUSE NO. 2:17-cv-01505-MJP

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206.436.2020

4833-2241-7283.2

15.     In answer to paragraph 15 of the Second Amended Complaint, CAG admits it does business in Washington.  As to the remaining allegations, CAG lacks sufficient knowledge or information to determine the truth or falsity of these allegations and therefore denies.

## III.     FACTUAL ALLEGATIONS

16.     In answer to paragraph 16 of the Second Amended Complaint, CAG lacks sufficient knowledge or information to determine the truth or falsity of these allegations and therefore denies.

17.     In answer to paragraph 17 of the Second Amended Complaint, CAG admits there was a non-judicial foreclosure.  To the extent these allegations characterize the contents of a document, that document speaks for itself.  To the extent these allegations mischaracterize a document, CAG denies.  As to any remaining allegations, CAG lacks sufficient knowledge or information to determine the truth or falsity of these allegations and therefore denies.

18.     In answer to paragraph 18 of the Second Amended Complaint, CAG admits there was a non-judicial foreclosure.  As to any remaining allegations, CAG lacks sufficient knowledge or information to determine the truth or falsity of these allegations and therefore denies.

19.     In answer to paragraph 19 of the Second Amended Complaint, CAG admits there was a non-judicial foreclosure.  To the extent these allegations characterize the contents of a document, that document speaks for itself.  To the extent these allegations mischaracterize a document, CAG denies.  As to any remaining allegations, CAG lacks sufficient knowledge or information to determine the truth or falsity of these allegations and therefore denies.

20.     In answer to paragraph 20 of the Second Amended Complaint, CAG lacks sufficient knowledge or information to determine the truth or falsity of these allegations and therefore denies.

21.     In answer to paragraph 21 of the Second Amended Complaint, CAG lacks sufficient knowledge or information to determine the truth or falsity of these allegations and therefore denies.

ANSWER - 3
USDC WD WA CAUSE NO. 2:17-cv-01505-MJP

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206.436.2020

4833-2241-7283.2

22.     In answer to paragraph 22 of the Second Amended Complaint, CAG lacks sufficient knowledge or information to determine the truth or falsity of these allegations and therefore denies.

23.     In answer to paragraph 23 of the Second Amended Complaint, CAG lacks sufficient knowledge or information to determine the truth or falsity of these allegations and therefore denies.

24.     In answer to paragraph 24 of the Second Amended Complaint, CAG lacks sufficient knowledge or information to determine the truth or falsity of these allegations and therefore denies.

25.     In answer to paragraph 25 of the Second Amended Complaint, CAG lacks sufficient knowledge or information to determine the truth or falsity of these allegations and therefore denies.

26.     In answer to paragraph 26 of the Second Amended Complaint, CAG denies that the Plascencias have ever repudiated the Second Note or had the right or ability to repudiate the Second Note.   CAG further denies that the Plascencias have ever been relieved of their obligation to pay monthly installment payments on the Second Note.   These issues have already been adjudicated between the parties in *Collins Asset Group, LLC v. Plascencia, et al.,* King County District Court Case No. 172-14488.   In that case, the court determined *as matter of law* that: 1) the Second Note created an installment contract under which the Plascencias were required to make monthly installment payments; 2) any "charge off" of the debt did not trigger the statute of limitations for collection on the Second Note; 3) the Plascencias never repudiated the Second Note and had a continuing obligation to make monthly payments until the Note was accelerated in 2015; 4) collection on the Second Note is not time-barred; 5) the Plascencias currently owe $45,289 on the Second Note; and 6) as the holder of the Second Note, CAG is entitled to enforce it pursuant to Article 3 of the Uniform Commercial Code.   *See* Findings of Fact and Conclusion of Law on Motion for Summary Judgment, *Collins Asset Group, LLC v. Plascencia, et al.*, King County District Court Case No. 172-14488 (Dec. 5, 2018).   Pursuant to

ANSWER  - 4
USDC WD WA CAUSE NO. 2:17-cv-01505-MJP

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206.436.2020

4833-2241-7283.2

the Rooker-Feldman Doctrine, the Full Faith and Credit Act, and the doctrine of collateral estoppel, the Plascencias are barred from relitigating these issues in the instant matter. *See Kremer v. Chemical Construction Corp.*, 456 U.S. 461, 466 (1982) (Full Faith and Credit Act "requires federal courts to give the same preclusive effect to state court judgments that those judgments would be given in the courts of the State from which the judgments emerged.")  28 U.S.C. § 1738 (codifying the Full Faith and Credit Act); *State v. Mullin-Coston*, 152 Wn.2d 107, 113, 95 P.3d 321, 324 (2004) ("when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit").

27.    In answer to paragraph 27 of the Second Amended Complaint, CAG lacks sufficient knowledge or information to determine the truth or falsity of these allegations and therefore denies.

28.    In answer to paragraph 28 of the Second Amended Complaint, CAG lacks sufficient knowledge or information to determine the truth or falsity of these allegations and therefore denies.

29.    In answer to paragraph 29 of the Second Amended Complaint, to the extent these allegations characterize the contents of a document, that document speaks for itself.  To the extent these allegations mischaracterize a document, CAG denies.   As to any remaining allegations, CAG lacks sufficient knowledge or information to determine the truth or falsity of these allegations and therefore denies.

30.    In answer to paragraph 30 of the Second Amended Complaint, CAG admits that it acquired the Plascencias' debt from Newport Beach Holdings, LLC on or about December 19, 2013.  As to any remaining allegations, CAG denies.

31.    In answer to paragraph 31 of the Second Amended Complaint, to the extent these allegations characterize the contents of a document, that document speaks for itself.  To the extent these allegations mischaracterize a document, CAG denies.   To the extent these allegations imply that CAG violated any statute, regulation, or other law, CAG denies.

ANSWER - 5
USDC WD WA CAUSE NO. 2:17-cv-01505-MJP

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206.436.2020

4833-2241-7283.2

32.     In answer to paragraph 32 of the Second Amended Complaint, CAG denies.

33.     In answer to paragraph 33 of the Second Amended Complaint, to the extent these allegations characterize the contents of a document, that document speaks for itself.  To the extent these allegations mischaracterize a document, CAG denies.   To the extent these allegations imply that CAG violated any statute, regulation, or other law, CAG denies.  As to any remaining allegations, CAG lacks sufficient knowledge or information to determine the truth or falsity of these allegations and therefore denies.

34.     In answer to paragraph 34 of the Second Amended Complaint, to the extent these allegations characterize the contents of a document, that document speaks for itself.  To the extent these allegations mischaracterize a document, CAG denies.   To the extent these allegations imply that CAG violated any statute, regulation, or other law, CAG denies.  As to any remaining allegations, CAG lacks sufficient knowledge or information to determine the truth or falsity of these allegations and therefore denies.

35.     In answer to paragraph 35 of the Second Amended Complaint, to the extent these allegations characterize the contents of a document, that document speaks for itself.  To the extent these allegations mischaracterize a document, CAG denies.   To the extent these allegations imply that CAG violated any statute, regulation, or other law, CAG denies.

36.     In answer to paragraph 36 of the Second Amended Complaint, to the extent these allegations characterize the contents of a document, that document speaks for itself.  To the extent these allegations mischaracterize a document, CAG denies.   To the extent these allegations imply that CAG violated any statute, regulation, or other law, CAG denies.

37.     In answer to paragraph 37 of the Second Amended Complaint, to the extent these allegations characterize the contents of a document, that document speaks for itself.  To the extent these allegations mischaracterize a document, CAG denies.   To the extent these allegations imply that CAG violated any statute, regulation, or other law, CAG denies.

38.     In answer to paragraph 38 of the Second Amended Complaint, to the extent these allegations characterize the contents of a document, that document speaks for itself.  To the

ANSWER  - 6
USDC WD WA CAUSE NO. 2:17-cv-01505-MJP

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206.436.2020

4833-2241-7283.2

extent these allegations mischaracterize a document, CAG denies.   To the extent these allegations imply that CAG violated any statute, regulation, or other law, CAG denies.

39.      In answer to paragraph 39 of the Second Amended Complaint, to the extent these allegations characterize the contents of a document, that document speaks for itself.   To the extent these allegations mischaracterize a document, CAG denies.   To the extent these allegations imply that CAG violated any statute, regulation, or other law, CAG denies.

40.      In answer to paragraph 40 of the Second Amended Complaint, to the extent these allegations characterize the contents of a document, that document speaks for itself.   To the extent these allegations mischaracterize a document, CAG denies.   To the extent these allegations imply that CAG violated any statute, regulation, or other law, CAG denies.

41.      In answer to paragraph 41 of the Second Amended Complaint, to the extent these allegations characterize the contents of a document, that document speaks for itself.   To the extent these allegations mischaracterize a document, CAG denies.   To the extent these allegations imply that CAG violated any statute, regulation, or other law, CAG denies.

42.      In answer to paragraph 42 of the Second Amended Complaint, to the extent these allegations characterize the contents of a document, that document speaks for itself.   To the extent these allegations mischaracterize a document, CAG denies.   To the extent these allegations imply that CAG violated any statute, regulation, or other law, CAG denies.

43.      In answer to paragraph 43 of the Second Amended Complaint, to the extent these allegations characterize the contents of a document, that document speaks for itself To the extent these allegations mischaracterize a document, CAG denies.  To the extent these allegations imply that CAG violated any statute, regulation, or other law, CAG denies.

44.      In answer to paragraph 44 of the Second Amended Complaint, to the extent these allegations characterize the contents of a document, that document speaks for itself.   To the extent these allegations mischaracterize a document, CAG denies.   To the extent these allegations imply that CAG violated any statute, regulation, or other law, CAG denies.

45.      In answer to paragraph 45 of the Second Amended Complaint, to the extent these

ANSWER  - 7
USDC WD WA CAUSE NO. 2:17-cv-01505-MJP

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206.436.2020

4833-2241-7283.2

1   allegations characterize the contents of a document, that document speaks for itself.  To the

2   extent these allegations mischaracterize a document, CAG denies.  To the extent these

3   allegations imply that CAG violated any statute, regulation, or other law, CAG denies.

4        46.     In answer to paragraph 46 of the Second Amended Complaint, CAG admits.

5        47.     In answer to paragraph 47 of the Second Amended Complaint, CAG admits.

6        48.     In answer to paragraph 48 of the Second Amended Complaint, to the extent these

7   allegations characterize the contents of a document, that document speaks for itself.  To the

8   extent these allegations mischaracterize a document, CAG denies.  To the extent these

9   allegations imply that CAG violated any statute, regulation, or other law, CAG denies.

10        49.     In answer to paragraph 49 of the Second Amended Complaint, to the extent these

11   allegations characterize the contents of a document, that document speaks for itself.  To the

12   extent these allegations mischaracterize a document, CAG denies.  CAG denies that it violated

13   any statute, regulation, or other law in connection with the Collection Lawsuit.  CAG specifically

14   denies that the allegations contained in subparts (a)-(g) constituted "misrepresentations."  These

15   issues have already been adjudicated between the parties in *Collins Asset Group, LLC v.*

16   *Plascencia, et al.,* King County District Court Case No. 172-14488.  In that case, the court

17   determined *as matter of law* that: 1) the Second Note created an installment contract under which

18   the Plascencias were required to make monthly installment payments; 2) any "charge off" of the

19   debt did not trigger the statute of limitations for collection on the Second Note; 3) the

20   Plascencias never repudiated the Second Note and had a continuing obligation to make monthly

21   payments until the Note was accelerated in 2015; 4) collection on the Second Note is not time-

22   barred; 5) the Plascencias currently owe $45,289 on the Second Note; and 6) as the holder of the

23   Second Note, CAG is entitled to enforce it pursuant to Article 3 of the Uniform Commercial

24   Code.  *See* Findings of Fact and Conclusion of Law on Motion for Summary Judgment, *Collins*

25   *Asset Group, LLC v. Plascencia, et al.*, King County District Court Case No. 172-14488 (Dec. 5,

26   2018).  Pursuant to the Rooker-Feldman Doctrine, the Full Faith and Credit Act, and the doctrine

27   of collateral estoppel, the Plascencias are barred from relitigating these issues in the instant

ANSWER  - 8
USDC WD WA CAUSE NO. 2:17-cv-01505-MJP

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206.436.2020

4833-2241-7283.2

matter.  *See Kremer v. Chemical Construction Corp.*, 456 U.S. 461, 466 (1982) (Full Faith and Credit Act "requires federal courts to give the same preclusive effect to state court judgments that those judgments would be given in the courts of the State from which the judgments emerged.")  28 U.S.C. § 1738 (codifying the Full Faith and Credit Act); *State v. Mullin-Coston*, 152 Wn.2d 107, 113, 95 P.3d 321, 324 (2004) ("when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit").

50.     In answer to paragraph 50 of the Second Amended Complaint, because these allegations call for a legal conclusion, CAG refers them to the Court and makes no answer thereto.  To the extent a response is required, CAG denies that these allegations provide a complete, accurate, or applicable definition of "holder in due course."

51.     In answer to paragraph 51 of the Second Amended Complaint, CAG denies that it violated any statute, regulation, or other law in connection with the Collection Lawsuit.  As to any remaining allegations, because these allegations call for a legal conclusion, CAG refers them to the Court and makes no answer thereto.

52.     In answer to paragraph 52 of the Second Amended Complaint, CAG denies.

53.     In answer to paragraph 53 of the Second Amended Complaint, CAG denies. These issues have already been adjudicated between the parties in *Collins Asset Group, LLC v. Plascencia, et al.,* King County District Court Case No. 172-14488.  In that case, the court determined *as matter of law* that: 1) the Second Note created an installment contract under which the Plascencias were required to make monthly installment payments; 2) any "charge off" of the debt did not trigger the statute of limitations for collection on the Second Note; 3) the Plascencias never repudiated the Second Note and had a continuing obligation to make monthly payments until the Note was accelerated in 2015; 4) collection on the Second Note is not time-barred; 5) the Plascencias currently owe $45,289 on the Second Note; and 6) as the holder of the Second Note, CAG is entitled to enforce it pursuant to Article 3 of the Uniform Commercial Code.  *See* Findings of Fact and Conclusion of Law on Motion for Summary Judgment, *Collins*

ANSWER - 9
USDC WD WA CAUSE NO. 2:17-cv-01505-MJP

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206.436.2020

4833-2241-7283.2

1   *Asset Group, LLC v. Plascencia, et al.*, King County District Court Case No. 172-14488 (Dec. 5,

2   2018).  Pursuant to the Rooker-Feldman Doctrine, the Full Faith and Credit Act, and the doctrine

3   of collateral estoppel, the Plascencias are barred from relitigating these issues in the instant

4   matter.  *See Kremer v. Chemical Construction Corp.*, 456 U.S. 461, 466 (1982) (Full Faith and

5   Credit Act "requires federal courts to give the same preclusive effect to state court judgments

6   that those judgments would be given in the courts of the State from which the judgments

7   emerged.")  28 U.S.C. § 1738 (codifying the Full Faith and Credit Act); *State v. Mullin-Coston*,

8   152 Wn.2d 107, 113, 95 P.3d 321, 324 (2004) ("when an issue of ultimate fact has once been

9   determined by a valid and final judgment, that issue cannot again be litigated between the same

10  parties in any future lawsuit").

11      54.    In answer to paragraph 54 of the Second Amended Complaint, because these

12  allegations call for a legal conclusion, CAG refers them to the Court and makes no answer

13  thereto.  To the extent a response is required, CAG denies that these allegations provide a

14  complete or accurate characterization of the applicable law.

15      55.    In answer to paragraph 55 of the Second Amended Complaint, CAG denies.

16  These issues have already been adjudicated between the parties in *Collins Asset Group, LLC v.*

17  *Plascencia, et al.,* King County District Court Case No. 172-14488.  In that case, the court

18  determined *as matter of law* that: 1) the Second Note created an installment contract under which

19  the Plascencias were required to make monthly installment payments; 2) any "charge off" of the

20  debt did not trigger the statute of limitations for collection on the Second Note; 3) the

21  Plascencias never repudiated the Second Note and had a continuing obligation to make monthly

22  payments until the Note was accelerated in 2015; 4) collection on the Second Note is not time-

23  barred; 5) the Plascencias currently owe $45,289 on the Second Note; and 6) as the holder of the

24  Second Note, CAG is entitled to enforce it pursuant to Article 3 of the Uniform Commercial

25  Code.  *See* Findings of Fact and Conclusion of Law on Motion for Summary Judgment, *Collins*

26  *Asset Group, LLC v. Plascencia, et al.*, King County District Court Case No. 172-14488 (Dec. 5,

27  2018).  Pursuant to the Rooker-Feldman Doctrine, the Full Faith and Credit Act, and the doctrine

ANSWER  - 10
USDC WD WA CAUSE NO. 2:17-cv-01505-MJP

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206.436.2020

4833-2241-7283.2

1    of collateral estoppel, the Plascencias are barred from relitigating these issues in the instant

2    matter.  *See Kremer v. Chemical Construction Corp.*, 456 U.S. 461, 466 (1982) (Full Faith and

3    Credit Act "requires federal courts to give the same preclusive effect to state court judgments

4    that those judgments would be given in the courts of the State from which the judgments

5    emerged.")  28 U.S.C. § 1738 (codifying the Full Faith and Credit Act); *State v. Mullin-Coston*,

6    152 Wn.2d 107, 113, 95 P.3d 321, 324 (2004) ("when an issue of ultimate fact has once been

7    determined by a valid and final judgment, that issue cannot again be litigated between the same

8    parties in any future lawsuit").

9        56.    In answer to paragraph 56 of the Second Amended Complaint, CAG lacks

10   sufficient knowledge or information to determine the truth or falsity of these allegations and

11   therefore denies.

12       57.    In answer to paragraph 57 of the Second Amended Complaint, CAG lacks

13   sufficient knowledge or information to determine the truth or falsity of these allegations and

14   therefore denies.

15       58.    In answer to paragraph 58 of the Second Amended Complaint, CAG denies.

16   These issues have already been adjudicated between the parties in *Collins Asset Group, LLC v.*

17   *Plascencia, et al.,* King County District Court Case No. 172-14488.  In that case, the court

18   determined *as matter of law* that: 1) the Second Note created an installment contract under which

19   the Plascencias were required to make monthly installment payments; 2) any "charge off" of the

20   debt did not trigger the statute of limitations for collection on the Second Note; 3) the

21   Plascencias never repudiated the Second Note and had a continuing obligation to make monthly

22   payments until the Note was accelerated in 2015; 4) collection on the Second Note is not time-

23   barred; 5) the Plascencias currently owe $45,289 on the Second Note; and 6) as the holder of the

24   Second Note, CAG is entitled to enforce it pursuant to Article 3 of the Uniform Commercial

25   Code.  *See* Findings of Fact and Conclusion of Law on Motion for Summary Judgment, *Collins*

26   *Asset Group, LLC v. Plascencia, et al.*, King County District Court Case No. 172-14488 (Dec. 5,

27   2018).  Pursuant to the Rooker-Feldman Doctrine, the Full Faith and Credit Act, and the doctrine

ANSWER - 11
USDC WD WA CAUSE NO. 2:17-cv-01505-MJP

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206.436.2020

4833-2241-7283.2

1  of collateral estoppel, the Plascencias are barred from relitigating these issues in the instant

2  matter.  *See Kremer v. Chemical Construction Corp.*, 456 U.S. 461, 466 (1982) (Full Faith and

3  Credit Act "requires federal courts to give the same preclusive effect to state court judgments

4  that those judgments would be given in the courts of the State from which the judgments

5  emerged.")  28 U.S.C. § 1738 (codifying the Full Faith and Credit Act); *State v. Mullin-Coston*,

6  152 Wn.2d 107, 113, 95 P.3d 321, 324 (2004) ("when an issue of ultimate fact has once been

7  determined by a valid and final judgment, that issue cannot again be litigated between the same

8  parties in any future lawsuit").

9       59.  In answer to paragraph 59 of the Second Amended Complaint, CAG denies it

10  provided any misleading or incorrect information to the Plascencias.  CAG further denies that the

11  Plascencias "do not owe" the debt in question.  CAG further denies any conduct that was "false,

12  misleading, improper, and confusing."  These issues have already been adjudicated between the

13  parties in *Collins Asset Group, LLC v. Plascencia, et al.,* King County District Court Case No.

14  172-14488.  In that case, the court determined *as matter of law* that: 1) the Second Note created

15  an installment contract under which the Plascencias were required to make monthly installment

16  payments; 2) any "charge off" of the debt did not trigger the statute of limitations for collection

17  on the Second Note; 3) the Plascencias never repudiated the Second Note and had a continuing

18  obligation to make monthly payments until the Note was accelerated in 2015; 4) collection on

19  the Second Note is not time-barred; 5) the Plascencias currently owe $45,289 on the Second

20  Note; and 6) as the holder of the Second Note, CAG is entitled to enforce it pursuant to Article 3

21  of the Uniform Commercial Code.  *See* Findings of Fact and Conclusion of Law on Motion for

22  Summary Judgment, *Collins Asset Group, LLC v. Plascencia, et al.*, King County District Court

23  Case No. 172-14488 (Dec. 5, 2018).  Pursuant to the Rooker-Feldman Doctrine, the Full Faith

24  and Credit Act, and the doctrine of collateral estoppel, the Plascencias are barred from

25  relitigating these issues in the instant matter.  *See Kremer v. Chemical Construction Corp.*, 456

26  U.S. 461, 466 (1982) (Full Faith and Credit Act "requires federal courts to give the same

27  preclusive effect to state court judgments that those judgments would be given in the courts of

ANSWER  - 12
USDC WD WA CAUSE NO. 2:17-cv-01505-MJP

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206.436.2020

4833-2241-7283.2

the State from which the judgments emerged.")  28 U.S.C. § 1738 (codifying the Full Faith and Credit Act); *State v. Mullin-Coston*, 152 Wn.2d 107, 113, 95 P.3d 321, 324 (2004) ("when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit").  As to any remaining allegations, CAG lacks sufficient knowledge or information to determine the truth or falsity of these allegations and therefore denies.

## IV.   CAUSES OF ACTION

### A.   GENERAL ALLEGATIONS APPLICABLE TO ALL FDCPA CLAIMS

60.    In answer to paragraph 60 of the Second Amended Complaint, CAG repeats and incorporates its responses set forth in the foregoing paragraphs.

61.    In answer to paragraph 61 of the Second Amended Complaint, CAG states that this paragraph contains allegations not directed to CAG, and therefore no response is required.

62.    In answer to paragraph 62 of the Second Amended Complaint, CAG states that this paragraph contains allegations not directed to CAG, and therefore no response is required.

63.    In answer to paragraph 63 of the Second Amended Complaint, CAG states that this paragraph contains allegations not directed to CAG, and therefore no response is required.

64.    In answer to paragraph 64 of the Second Amended Complaint, CAG states that this paragraph contains allegations not directed to CAG, and therefore no response is required.

#### 1.    Count 1

65.    In answer to paragraph 65 of the Second Amended Complaint, CAG repeats and incorporates its responses set forth in the foregoing paragraphs.

66.    In answer to paragraph 66 of the Second Amended Complaint, CAG states that this paragraph contains allegations not directed to CAG, and therefore no response is required.

67.    In answer to paragraph 67 of the Second Amended Complaint, CAG states that this paragraph contains allegations not directed to CAG, and therefore no response is required.

68.    In answer to paragraph 68 of the Second Amended Complaint, CAG specifically denies the allegations contained in paragraph 68, including subparts (a)-(i).  These issues have

ANSWER  - 13
USDC WD WA CAUSE NO. 2:17-cv-01505-MJP

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206.436.2020

4833-2241-7283.2

1  already been adjudicated between the parties in *Collins Asset Group, LLC v. Plascencia, et al.*,

2  King County District Court Case No. 172-14488.  In that case, the court determined *as matter of*

3  *law* that: 1) the Second Note created an installment contract under which the Plascencias were

4  required to make monthly installment payments; 2) any "charge off" of the debt did not trigger

5  the statute of limitations for collection on the Second Note; 3) the Plascencias never repudiated

6  the Second Note and had a continuing obligation to make monthly payments until the Note was

7  accelerated in 2015; 4) collection on the Second Note is not time-barred; 5) the Plascencias

8  currently owe $45,289 on the Second Note; and 6) as the holder of the Second Note, CAG is

9  entitled to enforce it pursuant to Article 3 of the Uniform Commercial Code.  *See* Findings of

10  Fact and Conclusion of Law on Motion for Summary Judgment, *Collins Asset Group, LLC v.*

11  *Plascencia, et al.*, King County District Court Case No. 172-14488 (Dec. 5, 2018).  Pursuant to

12  the Rooker-Feldman Doctrine, the Full Faith and Credit Act, and the doctrine of collateral

13  estoppel, the Plascencias are barred from relitigating these issues in the instant matter.  *See*

14  *Kremer v. Chemical Construction Corp.*, 456 U.S. 461, 466 (1982) (Full Faith and Credit Act

15  "requires federal courts to give the same preclusive effect to state court judgments that those

16  judgments would be given in the courts of the State from which the judgments emerged.")  28

17  U.S.C. § 1738 (codifying the Full Faith and Credit Act); *State v. Mullin-Coston*, 152 Wn.2d 107,

18  113, 95 P.3d 321, 324 (2004) ("when an issue of ultimate fact has once been determined by a

19  valid and final judgment, that issue cannot again be litigated between the same parties in any

20  future lawsuit").

21      69.    In answer to paragraph 69 of the Second Amended Complaint, CAG denies.

22      **2.    Count 2**

23      70.    In answer to paragraph 70 of the Second Amended Complaint, CAG states that

24  this paragraph contains allegations not directed to CAG, and therefore no response is required.

25      71.    In answer to paragraph 71 of the Second Amended Complaint, CAG denies.

26  These issues have already been adjudicated between the parties in *Collins Asset Group, LLC v.*

27  *Plascencia, et al.*, King County District Court Case No. 172-14488.  In that case, the court

ANSWER - 14
USDC WD WA CAUSE NO. 2:17-cv-01505-MJP

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206.436.2020

4833-2241-7283.2

1   determined *as matter of law* that: 1) the Second Note created an installment contract under which
2   the Plascencias were required to make monthly installment payments; 2) any "charge off" of the
3   debt did not trigger the statute of limitations for collection on the Second Note; 3) the
4   Plascencias never repudiated the Second Note and had a continuing obligation to make monthly
5   payments until the Note was accelerated in 2015; 4) collection on the Second Note is not time-
6   barred; 5) the Plascencias currently owe $45,289 on the Second Note; and 6) as the holder of the
7   Second Note, CAG is entitled to enforce it pursuant to Article 3 of the Uniform Commercial
8   Code.  *See* Findings of Fact and Conclusion of Law on Motion for Summary Judgment, *Collins*
9   *Asset Group, LLC v. Plascencia, et al.*, King County District Court Case No. 172-14488 (Dec. 5,
10  2018).  Pursuant to the Rooker-Feldman Doctrine, the Full Faith and Credit Act, and the doctrine
11  of collateral estoppel, the Plascencias are barred from relitigating these issues in the instant
12  matter.  *See Kremer v. Chemical Construction Corp.*, 456 U.S. 461, 466 (1982) (Full Faith and
13  Credit Act "requires federal courts to give the same preclusive effect to state court judgments
14  that those judgments would be given in the courts of the State from which the judgments
15  emerged.")  28 U.S.C. § 1738 (codifying the Full Faith and Credit Act); *State v. Mullin-Coston*,
16  152 Wn.2d 107, 113, 95 P.3d 321, 324 (2004) ("when an issue of ultimate fact has once been
17  determined by a valid and final judgment, that issue cannot again be litigated between the same
18  parties in any future lawsuit").

19          72.     In answer to paragraph 72 of the Second Amended Complaint, CAG repeats and
20  incorporates its response to paragraph 68 of the Amended Complaint.

21          73.     In answer to paragraph 73 of the Second Amended Complaint, CAG denies.

22  **B.      GENERAL ALLEGATIONS APPLICABLE TO ALL CPA CLAIMS**

23          74.     In answer to paragraph 74 of the Second Amended Complaint, CAG lacks
24  sufficient knowledge or information to determine the truth or falsity of these allegations and
25  therefore denies.

26          75.     In answer to paragraph 75 of the Second Amended Complaint, because these
27  allegations call for a legal conclusion, CAG refers them to the Court and makes no answer

ANSWER - 15
USDC WD WA CAUSE NO. 2:17-cv-01505-MJP

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206.436.2020

4833-2241-7283.2

thereto.

76.     In answer to paragraph 76 of the Second Amended Complaint, CAG states that this paragraph contains allegations not directed to CAG, and therefore no response is required. To the extent these allegations imply that CAG violated any statute, regulation, or other law, CAG denies.

77.     In answer to paragraph 77 of the Second Amended Complaint, CAG states that this paragraph contains allegations not directed to CAG, and therefore no response is required. To the extent these allegations imply that CAG violated any statute, regulation, or other law, CAG denies.

78.     In answer to paragraph 78 of the Second Amended Complaint, because these allegations call for a legal conclusion, CAG refers them to the Court and makes no answer thereto.  To the extent these allegations imply that CAG violated any statute, regulation, or other law, CAG denies.

79.     In answer to paragraph 79 of the Second Amended Complaint, CAG states that this paragraph contains allegations not directed to CAG, and therefore no response is required. To the extent these allegations imply that CAG violated any statute, regulation, or other law, CAG denies.

**1.     Count 3**

80.     In answer to paragraph 80 of the Second Amended Complaint, because these allegations call for a legal conclusion, CAG refers them to the Court and makes no answer thereto.

81.     In answer to paragraph 81 of the Second Amended Complaint, to the extent these allegations characterize the contents of a document, that document speaks for itself.  To the extent these allegations mischaracterize a document, CAG denies.   To the extent these allegations imply that CAG violated any statute, regulation, or other law, CAG denies.

82.     In answer to paragraph 82 of the Second Amended Complaint, CAG lacks sufficient knowledge or information to determine the truth or falsity of these allegations and

ANSWER  - 16
USDC WD WA CAUSE NO. 2:17-cv-01505-MJP

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206.436.2020

4833-2241-7283.2

1    therefore denies.

2        83.    In answer to paragraph 83 of the Second Amended Complaint, CAG denies.

3        **2.    Count 4**

4        84.    In answer to paragraph 84 of the Second Amended Complaint, CAG states that
5    this paragraph contains allegations not directed to CAG, and therefore no response is required.
6    To the extent these allegations imply that CAG violated any statute, regulation, or other law,
7    CAG denies.

8        85.    In answer to paragraph 85 of the Second Amended Complaint, CAG specifically
9    denies all allegations, including those contained in subparts (a)-(d).  These issues have already
10   been adjudicated between the parties in *Collins Asset Group, LLC v. Plascencia, et al.,* King
11   County District Court Case No. 172-14488.  In that case, the court determined *as matter of law*
12   that: 1) the Second Note created an installment contract under which the Plascencias were
13   required to make monthly installment payments; 2) any "charge off" of the debt did not trigger
14   the statute of limitations for collection on the Second Note; 3) the Plascencias never repudiated
15   the Second Note and had a continuing obligation to make monthly payments until the Note was
16   accelerated in 2015; 4) collection on the Second Note is not time-barred; 5) the Plascencias
17   currently owe $45,289 on the Second Note; and 6) as the holder of the Second Note, CAG is
18   entitled to enforce it pursuant to Article 3 of the Uniform Commercial Code.  *See* Findings of
19   Fact and Conclusion of Law on Motion for Summary Judgment, *Collins Asset Group, LLC v.*
20   *Plascencia, et al.*, King County District Court Case No. 172-14488 (Dec. 5, 2018).  Pursuant to
21   the Rooker-Feldman Doctrine, the Full Faith and Credit Act, and the doctrine of collateral
22   estoppel, the Plascencias are barred from relitigating these issues in the instant matter.  *See*
23   *Kremer v. Chemical Construction Corp.*, 456 U.S. 461, 466 (1982) (Full Faith and Credit Act
24   "requires federal courts to give the same preclusive effect to state court judgments that those
25   judgments would be given in the courts of the State from which the judgments emerged.")  28
26   U.S.C. § 1738 (codifying the Full Faith and Credit Act); *State v. Mullin-Coston*, 152 Wn.2d 107,
27   113, 95 P.3d 321, 324 (2004) ("when an issue of ultimate fact has once been determined by a

ANSWER  - 17
USDC WD WA CAUSE NO. 2:17-cv-01505-MJP

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206.436.2020

4833-2241-7283.2

1  valid and final judgment, that issue cannot again be litigated between the same parties in any

2  future lawsuit").

3        86.    In answer to paragraph 86 of the Second Amended Complaint, CAG repeats and

4  incorporates its response to paragraph 68.

5        87.    In answer to paragraph 87 of the Second Amended Complaint, CAG denies.

6      **3.**    **Count 5**

7        88.    In answer to paragraph 88 of the Second Amended Complaint, CAG states that

8  this paragraph contains allegations not directed to CAG, and therefore no response is required.

9        89.    In answer to paragraph 89 of the Second Amended Complaint, CAG denies that

10  the Plascencias have ever repudiated the Second Note or had the right or ability to repudiate the

11  Second Note.  To the extent any remaining allegations characterize the contents of a document,

12  that document speaks for itself.  To the extent these allegations mischaracterize a document,

13  CAG denies.  As to any remaining allegations, CAG denies.  These issues have already been

14  adjudicated between the parties in *Collins Asset Group, LLC v. Plascencia, et al.,* King County

15  District Court Case No. 172-14488.  In that case, the court determined *as matter of law* that: 1)

16  the Second Note created an installment contract under which the Plascencias were required to

17  make monthly installment payments; 2) any "charge off" of the debt did not trigger the statute of

18  limitations for collection on the Second Note; 3) the Plascencias never repudiated the Second

19  Note and had a continuing obligation to make monthly payments until the Note was accelerated

20  in 2015; 4) collection on the Second Note is not time-barred; 5) the Plascencias currently owe

21  $45,289 on the Second Note; and 6) as the holder of the Second Note, CAG is entitled to enforce

22  it pursuant to Article 3 of the Uniform Commercial Code.  *See* Findings of Fact and Conclusion

23  of Law on Motion for Summary Judgment, *Collins Asset Group, LLC v. Plascencia, et al.*, King

24  County District Court Case No. 172-14488 (Dec. 5, 2018).  Pursuant to the Rooker-Feldman

25  Doctrine, the Full Faith and Credit Act, and the doctrine of collateral estoppel, the Plascencias

26  are barred from relitigating these issues in the instant matter.  *See Kremer v. Chemical*

27  *Construction Corp.*, 456 U.S. 461, 466 (1982) (Full Faith and Credit Act "requires federal courts

ANSWER  - 18
USDC WD WA CAUSE NO. 2:17-cv-01505-MJP

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206.436.2020

4833-2241-7283.2

1  to give the same preclusive effect to state court judgments that those judgments would be given

2  in the courts of the State from which the judgments emerged.")  28 U.S.C. § 1738 (codifying the

3  Full Faith and Credit Act); *State v. Mullin-Coston*, 152 Wn.2d 107, 113, 95 P.3d 321, 324 (2004)

4  ("when an issue of ultimate fact has once been determined by a valid and final judgment, that

5  issue cannot again be litigated between the same parties in any future lawsuit").

6      90.    In answer to paragraph 90 of the Second Amended Complaint, CAG denies.

7  These issues have already been adjudicated between the parties in *Collins Asset Group, LLC v.*

8  *Plascencia, et al.,* King County District Court Case No. 172-14488.  In that case, the court

9  determined *as matter of law* that: 1) the Second Note created an installment contract under which

10  the Plascencias were required to make monthly installment payments; 2) any "charge off" of the

11  debt did not trigger the statute of limitations for collection on the Second Note; 3) the

12  Plascencias never repudiated the Second Note and had a continuing obligation to make monthly

13  payments until the Note was accelerated in 2015; 4) collection on the Second Note is not time-

14  barred; 5) the Plascencias currently owe $45,289 on the Second Note; and 6) as the holder of the

15  Second Note, CAG is entitled to enforce it pursuant to Article 3 of the Uniform Commercial

16  Code.  *See* Findings of Fact and Conclusion of Law on Motion for Summary Judgment, *Collins*

17  *Asset Group, LLC v. Plascencia, et al.*, King County District Court Case No. 172-14488 (Dec. 5,

18  2018).  Pursuant to the Rooker-Feldman Doctrine, the Full Faith and Credit Act, and the doctrine

19  of collateral estoppel, the Plascencias are barred from relitigating these issues in the instant

20  matter.  *See Kremer v. Chemical Construction Corp.*, 456 U.S. 461, 466 (1982) (Full Faith and

21  Credit Act "requires federal courts to give the same preclusive effect to state court judgments

22  that those judgments would be given in the courts of the State from which the judgments

23  emerged.")  28 U.S.C. § 1738 (codifying the Full Faith and Credit Act); *State v. Mullin-Coston*,

24  152 Wn.2d 107, 113, 95 P.3d 321, 324 (2004) ("when an issue of ultimate fact has once been

25  determined by a valid and final judgment, that issue cannot again be litigated between the same

26  parties in any future lawsuit").

27      91.    In answer to paragraph 91 of the Second Amended Complaint, CAG repeats and

ANSWER  - 19
USDC WD WA CAUSE NO. 2:17-cv-01505-MJP

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206.436.2020

4833-2241-7283.2

1   incorporates its response to paragraph 68.

2       92.    In answer to paragraph 92 of the Second Amended Complaint, CAG denies.

3   These issues have already been adjudicated between the parties in *Collins Asset Group, LLC v.*

4   *Plascencia, et al.,* King County District Court Case No. 172-14488.  In that case, the court

5   determined *as matter of law* that: 1) the Second Note created an installment contract under which

6   the Plascencias were required to make monthly installment payments; 2) any "charge off" of the

7   debt did not trigger the statute of limitations for collection on the Second Note; 3) the

8   Plascencias never repudiated the Second Note and had a continuing obligation to make monthly

9   payments until the Note was accelerated in 2015; 4) collection on the Second Note is not time-

10   barred; 5) the Plascencias currently owe $45,289 on the Second Note; and 6) as the holder of the

11   Second Note, CAG is entitled to enforce it pursuant to Article 3 of the Uniform Commercial

12   Code.  *See* Findings of Fact and Conclusion of Law on Motion for Summary Judgment, *Collins*

13   *Asset Group, LLC v. Plascencia, et al.*, King County District Court Case No. 172-14488 (Dec. 5,

14   2018).  Pursuant to the Rooker-Feldman Doctrine, the Full Faith and Credit Act, and the doctrine

15   of collateral estoppel, the Plascencias are barred from relitigating these issues in the instant

16   matter.  *See Kremer v. Chemical Construction Corp.*, 456 U.S. 461, 466 (1982) (Full Faith and

17   Credit Act "requires federal courts to give the same preclusive effect to state court judgments

18   that those judgments would be given in the courts of the State from which the judgments

19   emerged.")  28 U.S.C. § 1738 (codifying the Full Faith and Credit Act); *State v. Mullin-Coston*,

20   152 Wn.2d 107, 113, 95 P.3d 321, 324 (2004) ("when an issue of ultimate fact has once been

21   determined by a valid and final judgment, that issue cannot again be litigated between the same

22   parties in any future lawsuit").

23       **4.**    **Count 6**

24       93.    In answer to paragraph 93 of the Second Amended Complaint, CAG states that

25   this paragraph, including subparts (a)-(b), contains allegations not directed to CAG, and

26   therefore no response is required.  To the extent these allegations imply that CAG violated any

27   statute, regulation, or other law, CAG denies.

ANSWER  - 20
USDC WD WA CAUSE NO. 2:17-cv-01505-MJP

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206.436.2020

4833-2241-7283.2

1    94.    In answer to paragraph 94 of the Second Amended Complaint, CAG denies.

2    **5.    Count 7 – Injunctive Relief**

3    95.    In answer to paragraph 95 of the Second Amended Complaint, CAG states that

4    this paragraph contains allegations not directed to CAG, and therefore no response is required.

5    96.    In answer to paragraph 96 of the Second Amended Complaint, CAG denies that

6    Plaintiffs are entitled to injunctive relief.   To the extent these allegations imply that CAG

7    violated any statute, regulation, or other law, CAG denies.

8    97.    In answer to paragraph 97 of the Second Amended Complaint, CAG denies that

9    Plaintiffs are entitled to injunctive relief.   To the extent these allegations imply that CAG

10   violated any statute, regulation, or other law, CAG denies.   These issues have already been

11   adjudicated between the parties in *Collins Asset Group, LLC v. Plascencia, et al.,* King County

12   District Court Case No. 172-14488.   In that case, the court determined *as matter of law* that: 1)

13   the Second Note created an installment contract under which the Plascencias were required to

14   make monthly installment payments; 2) any "charge off" of the debt did not trigger the statute of

15   limitations for collection on the Second Note; 3) the Plascencias never repudiated the Second

16   Note and had a continuing obligation to make monthly payments until the Note was accelerated

17   in 2015; 4) collection on the Second Note is not time-barred; 5) the Plascencias currently owe

18   $45,289 on the Second Note; and 6) as the holder of the Second Note, CAG is entitled to enforce

19   it pursuant to Article 3 of the Uniform Commercial Code.   *See* Findings of Fact and Conclusion

20   of Law on Motion for Summary Judgment, *Collins Asset Group, LLC v. Plascencia, et al.*, King

21   County District Court Case No. 172-14488 (Dec. 5, 2018).   Pursuant to the Rooker-Feldman

22   Doctrine, the Full Faith and Credit Act, and the doctrine of collateral estoppel, the Plascencias

23   are barred from relitigating these issues in the instant matter.   *See Kremer v. Chemical*

24   *Construction Corp.*, 456 U.S. 461, 466 (1982) (Full Faith and Credit Act "requires federal courts

25   to give the same preclusive effect to state court judgments that those judgments would be given

26   in the courts of the State from which the judgments emerged.")   28 U.S.C. § 1738 (codifying the

27   Full Faith and Credit Act); *State v. Mullin-Coston*, 152 Wn.2d 107, 113, 95 P.3d 321, 324 (2004)

ANSWER  - 21
USDC WD WA CAUSE NO. 2:17-cv-01505-MJP

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206.436.2020

4833-2241-7283.2

1   ("when an issue of ultimate fact has once been determined by a valid and final judgment, that
2   issue cannot again be litigated between the same parties in any future lawsuit").

3       98.     In answer to paragraph 98 of the Second Amended Complaint, CAG specifically
4   denies that its actions make up a pattern and practice of behavior that has impacted other
5   individuals similarly situated to the Plascencias.  To the extent these allegations imply that CAG
6   violated any statute, regulation, or other law, CAG denies.

7       99.     In answer to paragraph 99 of the Second Amended Complaint, CAG denies.

8       100.    In answer to paragraph 100 of the Second Amended Complaint, CAG denies.

### IV.    PRAYER FOR RELIEF

10  CAG denies that the Plascencias are entitled to any relief in this matter.

### AFFIRMATIVE DEFENSES

12  By way of further answer and affirmative defenses, CAG alleges as follows:

13      1.      The Second Amended Complaint fails to state a claim upon which relief can be
14  granted.

15      2.      The Plascencias' damages, if any, may have been caused or contributed by their
16  own conduct or the conduct of others, over whom CAG had no control.

17      3.      If the Plascencias have suffered damages, which CAG denies, the Plascencias
18  failed to mitigate some or all of their damages.

19      4.      Even if CAG is found to have violated a statute, regulation, or other law, any
20  damages suffered by the Plascencias are de minimis and immaterial.

21      5.      The Plascencias claims may be barred by the doctrines of waiver, estoppel, or
22  unclean hands.

23      6.      Pursuant to RCW 4.22.070, CAG requests that the trier of fact apportion fault to
24  all persons, parties, or entities related to this action, including the Plascencias, such that CAG's
25  liability, if any, is reduced accordingly.

26      7.      CAG is entitled to its attorneys' fees and costs pursuant to RCW 4.84.

27      8.      CAG reserves the right to bring further necessary third-party complaints,

ANSWER - 22
USDC WD WA CAUSE NO. 2:17-cv-01505-MJP

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206.436.2020

4833-2241-7283.2

1 counterclaims, and cross-claims as the facts and discovery may warrant

2     9.    CAG is without complete information as to all of the facts and circumstances

3 surrounding the allegations in the Second Amended Complaint and therefore reserves the right to

4 amend its answer to add additional defenses as may be warranted by the facts as they become

5 known.

6     10.    To the extent that the Plascencias are awarded any damages, such award must be

7 reduced by the amount owed to CAG.  CAG specifically is entitled to a setoff for the judgment

8 entered in favor of CAG and against the Plascencias in King County District Court Case No.

9 172-14488.

10     11.    The Plascencias have failed to join an indispensable party.

11     12.    To the extent CAG violated any statute, regulation, or other law, it was the result

12 of bona fide error.

13     13.    The doctrine of collateral estoppel bars the Plascencias from litigating some or all

14 of their claims.

15     14.    The doctrine of res judicata bars the Plascencias from litigating some or all of

16 their claims.

17     15.    The Rooker-Feldman doctrine bars the Plascencias from litigating some or all of

18 their claims.

19     16.    The Full Faith and Credit Act bars the Plascencias from litigating some or all of

20 their claims.

21     17.    The Plascencias' claims must be dismissed for lack of subject matter jurisdiction.

22     18.    Pursuant to RCW 12.08.100, any allegedly misstatement in State Collection

23 Action pleadings did not meaningfully prejudice the Plascencias and so must be disregarded.

24     19.    To the extent the Plascencias' claims are premised upon alleged statutory

25 violations in documents they claim not to have received, these claims must be dismissed because

26 the Plascencias cannot as a matter of law show that they were damaged by defects in documents

27 they did not receive.

ANSWER - 23
USDC WD WA CAUSE NO. 2:17-cv-01505-MJP

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206.436.2020

4833-2241-7283.2

20.     The Plascencias claims may barred by the applicable statutes of limitations.

21.     The Plascencias may lack standing to assert their claims.

22.     Any allegedly misstatement in State Collection Action pleadings is subject to litigation privilege and thus cannot be basis for CAG's liability...

23.     CAG specifically does not waive any of its defenses provided by statute, the Civil Rules or otherwise to include, but not limited to, lack of jurisdiction, improper service of process, or insufficiency of process.

**WHEREFORE**, Defendant Collins prays for the following judgment:

1.  Dismissing the Plascencias' claims  against CAG with prejudice and without costs;

2.  For all attorneys' fees and costs incurred by CAG in this matter; and

3.  For such further relief as the Court deems just and equitable.

DATED this 9th day of January, 2019          LEWIS BRISBOIS BISGAARD & SMITH LLP


By: _____*s/Kathleen  A. Nelson*_____
Kathleen A. Nelson, WSBA #22826
Ethan A. Smith, WSBA #50706
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
(206) 436-2020
Kathleen.Nelson@lewisbrisbois.com
Ethan.Smith@lewisbrisbois.com
Attorney for Defendant Collins Asset Group, LLC

ANSWER  - 24
USDC WD WA CAUSE NO. 2:17-cv-01505-MJP

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206.436.2020

4833-2241-7283.2

1

**DECLARATION OF SERVICE**

2

I hereby certify that on January 9, 2019, I electronically filed the foregoing with the Clerk

3

of the Court using the CM/ECF system, which will send notification of such filing to all

4

attorneys of record.

5

| | |
|---|---|
| ***Counsel for Plaintiff***<br>Christina L. Henry<br>Henry Degraaff & McCormick, PS<br>1833 N 105th Street, Suite 203<br>Seattle, WA 98133<br>(206) 330-0595<br>WSBA #31273 | ☐  via U.S. Mail, first class, postage prepaid<br>☐  via Legal Messenger Hand Delivery<br>☐  via Facsimile (206) 400-7609<br>☒  via U.S.D.C. CM/ECF<br>☐  via Email:<br>chenry@hdm-legal.com<br>hdmecf@gmail.com<br>mainline@hdm-legal.com |
| ***Counsel for Plaintiff***<br>V. Omar Barraza<br>Barraza Law, PLLC<br>14245-F Ambaum Blvd SW<br>Burien, WA 98166<br>(206) 933-7861<br>WSBA #43589 | ☐  via U.S. Mail, first class, postage prepaid<br>☐  via Legal Messenger Hand Delivery<br>☐  via Facsimile (206) 933-7863<br>☒  via U.S.D.C. CM/ECF<br>☐  via Email:<br>omar@barrazalaw.com<br>admin@barrazalaw.com<br>vobarraza@gmail.com |
| ***Counsel for Defendant Daniel N. Gordon,<br>PC dba Gordon, Aylworth & Tami, P.C.***<br>Peter D. Eidenberg, WSBA #40923<br>Robert E. Sinnott, WSBA # 46170<br>Keating Jones Hughes, P.C.<br>1 SW Columbia Street, Suite 800<br>Portland, OR 97258-2095<br>(503) 222-9955 | ☐  via U.S. Mail, first class, postage prepaid<br>☐  via Legal Messenger Hand Delivery<br>☐  via Facsimile (503) 796-0699<br>☒  via U.S.D.C. CM/ECF<br>☐  via Email:<br>peidenberg@keatingjones.com<br>phamilton@keatingjones.com<br>rsinnott@keatingjones.com |

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

Dated this 9th Day of January 2019 at Seattle, Washington.

21

22

*s/Logan Platvoet*

23

Logan Platvoet
Logan.Platvoet@lewisbrisbois.com

24

25

26

27

ANSWER  - 25
USDC WD WA CAUSE NO. 2:17-cv-01505-MJP

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206.436.2020

4833-2241-7283.2