UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAIME PLASCENCIA and CECELIA PLASCENCIA,<br><br>Plaintiffs,<br><br>v.<br><br>COLLINS ASSET GROUP, LLC and DANIEL N. GORDON, PC d/b/a GORDON, AYLWORTH & TAMI, PC,<br><br>Defendants. | CASE NO. 17-1505MJP<br><br>ORDER GRANTING MOTION TO COMPEL AND MOTION FOR ATTORNEY'S FEES |

THIS MATTER comes before the Court on Plaintiffs' Motion to Compel. (Dkt. No. 81.) Having reviewed the Motion, the Responses (Dkt. Nos. 84. 87), the Reply (Dkt. No. 91) and the related record, the Court GRANTS the Motion.

**Background**

Plaintiffs Jaime and Cecelia Plascencia filed this action against Defendants Collins Asset Group, LLC ("CAG") and its law firm Gordon Aylworth & Tami ("GAT") alleging violation of

the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., the Washington Collections Agency Act, RCW 19.16 et seq., and the Washington Consumer Protection Act, RCW 19.86 et seq.. In support of their claims, Plaintiffs contend that CAG and GAT made false, deceptive, and misleading representations in their attempts to collect a debt. Relevant to this dispute, Plaintiffs contend that GAT has acted not merely as a law firm but as a debt collector, and in fact "may have taken its collection action against Plaintiff[s] on its own, without any express direction from [CAG]." (Dkt. No. 81 at 2.)

In March 2018, Plaintiffs served the following discovery requests on CAG:

**REQUEST FOR PRODUCTION NO. 4:** Produce all Communications between you and any third party related to the Loan. (To the extent you claim any type of privilege, produce a privilege log sufficient to identify the Documents at issue and to evaluate the privilege.)

**REQUEST FOR PRODUCTION NO. 12:** Produce all Documents (including but not limited to account notes, collection records, computer screens, electronic logs, emails, text messages, voice recordings, or other media) relating to or depicting anything concerning Plaintiff or his claims, including your internal file.

**REQUEST FOR PRODUCTION NO. 17:** Provide copies of any and all Documents relating to the nature and/or scope of the relationship between you and any of the other Defendants herein, including but not limited to any contracts, business agreements, company policies and/or guidelines, or corporate Documents.

(See Dkt. No. 82, Ex. A.)

In May 2018, Plaintiffs served the following discovery requests on GAT:

**REQUEST FOR PRODUCTION NO. 4:** Produce all Communications between you and any third party related to the Loan. (To the extent you claim any type of privilege, produce a privilege log sufficient to identify the Documents at issue and to evaluate the privilege.)

**REQUEST FOR PRODUCTION NO. 8:** Produce all Documents (including but not limited to account notes, collection records, computer screens, electronic logs, emails, text messages, voice recordings, or other media) relating to or depicting anything concerning Plaintiffs or their claims, including your internal file.

**REQUEST FOR PRODUCTION NO. 12:** Provide copies of any and all Documents relating to the nature and/or scope of the relationship between you and any of the other Defendants herein, including but not limited to any contracts, business agreements, company policies and/or guidelines, or corporate Documents.

**REQUEST FOR PRODUCTION NO. 15:** All documents relating to Your guidelines and/or practices for handling Debt collection matters for Collins Asset Group, LLC.

(Dkt. No. 82, Ex. B.)

In response, CAG and GAT variously asserted that the requests were overbroad and unduly burdensome and that responsive documents were protected by the attorney-client privilege and work product protection. (See Dkt. No. 81 at 2-3.) The privilege log provided by CAG listed a single, redacted document. (Dkt. No. 82, Ex. E.) The privilege log provided by GAT listed a "History Report" (which it claimed was subject to attorney-client privilege because it contained "an electronic log of the law firm activity during its representation of CAG in the state court collection case currently pending against the Plascencias") and an "Attorney/Client Contract & Fee Agreement" (which it claimed was subject to attorney-client privilege because it "sets out fee agreement, contract, and relationship between attorney and client"). (Dkt. No. 82, Ex. J.)

In August 2018, CAG's Fed. R. Civ. P. 30(b)(6) witness disclosed the existence of additional responsive documents that were not turned over or listed in its privilege log. (Dkt. No. 81 at 3.) In October 2018, during one of many discovery conferences initiated by counsel for Plaintiffs, CAG indicated that those documents would be forthcoming the following week. (Id. at 4.) When CAG failed to deliver those documents, counsel for Plaintiffs drafted a LCR 37 Joint Motion in an effort to resolve the remaining discovery disputes. (Id.) Neither CAG nor GAT responded, and apparently, that was the last that Plaintiffs heard from them. (Id.)

On January 29, 2019, Plaintiffs filed this Motion to Compel. On February 11, 2019, counsel for CAG produced the documents identified during the deposition and asked Plaintiffs to strike the Motion to Compel. (See Dkt. No. 92, Ex. A.) However, several items remain in dispute including (1) whether GAT's "History Report" and "Attorney/Client Contract & Fee Agreement" are privileged; (2) whether GAT's "policies and procedures" were properly redacted prior to production; and (3) whether CAG has properly responded to RFPs 4, 12, and 17. (See Dkt. No. 91 at 3.)

**Discussion**

**I.     Motion to Strike**

As an initial matter, Plaintiffs move to strike the over-length portions of GAT's Response. (Dkt. No. 84.) Under LCR 7(e)(4), the responsive brief was limited to twelve pages, and GAT did not seek prior authorization to exceed the page limit. Under LCR 6(e), "[t]he court may refuse to consider any text . . . which is not included within the page limits." Accordingly, the Court GRANTS Plaintiffs' request to strike and declines to consider the over-length portions of GAT's response.

**II.    Motion to Compel**

The Court GRANTS the Motion to Compel. Plaintiffs have a legitimate claim for the outstanding materials they seek. In particular, Plaintiffs claim that GAT was acting not as a law firm, but rather as a collection agency, in its handling of their debt. Materials concerning the relationship between CAG and GAT, including materials indicating whether CAG directed GAT to file suit against Plaintiffs and what information GAT had at the time did so, are highly relevant to this claim. Defendants have failed to provide adequate responses and have failed to establish the existence of any privilege.

First, the privilege logs provided by CAG and GAT are entirely deficient in that they do not make clear whether materials are protected by the attorney client privilege, work product protection, or both, and do not "describe the nature of the documents, communications, or tangible things not produced or disclosed . . . in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim" as required by Fed. R. Civ. P. 26(b)(5). For example, CAG's privilege log provides no explanation whatsoever for why the "policies and procedures" were redacted. (See Dkt. No. 82, Ex. E.) GAT's privilege log appears to combine multiple documents—presumably with different dates and functions—into a single "History Report," which it describes vaguely as "an electronic log of law firm activity." (See Dkt. No. 82, Ex. J.) Further, GAT provides no support whatsoever for its claim that an attorney's contract or fee agreement is privileged or protected. (Id.)

Second, in addition to failing to provide an adequate privilege log, it appears that CAG may have withheld responsive, non-privileged documents based solely on their belief that RFPs 4, 12, and 17 are "overbroad and unduly burdensome," without providing any explanation as to why this is the case. (See Dkt. No. 81 at 4-7.)

**III.     Request for Attorneys' Fees**

The Court GRANTS Plaintiffs' request for attorney's fees. Fed. R. Civ. P. 37(a)(5)(A) provides that if a motion to compel is granted—"or if the disclosure or requested discovery is provided after the motion was filed," the Court "must, after giving an opportunity to be heard, require the party whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."

Whether or not there are additional responsive, non-privileged documents uncovered during the Court's *in camera* review, it appears that CAG and GAT have failed to comply with their discovery obligations throughout the course of the litigation and have failed to show that an award of fees would be unwarranted. See Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii). In this regard, the Court finds two facts particularly salient: First, Plaintiffs *repeatedly* attempted to obtain the disputed discovery without court action, including by requesting multiple discovery conferences and by submitting a draft of an LCR 37 Joint Motion to Defendants. Neither CAG nor GAT responded, forcing Plaintiffs to bring this Motion to Compel. (Dkt. No. 81 at 4.) Second, nearly two weeks after Plaintiffs filed the Motion, CAG turned over additional responsive documents that it apparently had in its possession and failed to timely produce. (Dkt. No. 87 at 4-5; Dkt. No. 91 at 7.) Such failure to comply with discovery obligations is not justified and cannot be condoned.

Accordingly, Defendants are ORDERED to pay Plaintiffs' expenses of $9,987.50, which is the amount of fees the Court finds was reasonably incurred by Ms. Henry and Mr. Barazza in drafting the LCR 37 Joint Motion and in bringing the Motion to Compel. (See Dkt. No. 82, Ex. Q; Dkt. No. 83, Ex. 2; Dkt. No. 92, Ex. 2.)

**Conclusion**

For the reasons discussed above, the Court hereby ORDERS as follows:

**(1)** The Motion to Compel is GRANTED;

**(2)** CAG and GAT are ORDERED to:

    (a) Produce revised privilege logs which make clear, on a document-by-document basis, whether they are asserting attorney client privilege, work product

|   |   |
|---|---|
| 1 | protection, or both, and which will allow both Plaintiffs and the Court to assess |
| 2 | their claims; |

    (b) Submit to Plaintiffs and the Court the revised privilege logs; and

    (c) Submit to the Court for *in camera* review all responsive documents over which they are claiming privilege;

**(3)** CAG is further ORDERED to submit to Plaintiffs supplemental responses to RFPs 4, 12, and 17, including identification of non-privileged documents that have been withheld as overbroad and unduly burdensome;

**(4)** Defendants are ORDERED to pay Plaintiffs' attorney's fees in the amount of $9,987.50; and

**(5)** Defendants are to comply with the foregoing within seven (7) days of the date of this Order.

The clerk is ordered to provide copies of this order to all counsel.

Dated February 22, 2019.

                                             *Marsha J. Pechman* 
                                             Marsha J. Pechman
                                             United States District Judge