UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAIME PLASCENCIA, <br><br> Plaintiff, <br><br> v. <br><br> COLLINS ASSET GROUP, LLC and DANIEL N. GORDON, P.C., d/b/a/ GORDON, AYLWORTH & TAMI, P.C., <br><br> Defendants. | CASE NO. C17-1505-MJP <br><br> MINUTE ORDER |

The following minute order is made by the direction of the court, the Honorable Marsha J. Pechman, United States District Judge: On February 22, 2019, the Court ordered Defendants Collins Asset Group, LLC ("CAG") and Gordon Aylworth & Tami ("GAT") to submit for *in camera* review all responsive documents over which they claim privilege. (See Dkt. No. 93.) Defendants complied with the Court's Order on March 1, 2019. Along with their *in camera* submissions, CAG and GAT submitted separate cover letters explaining that post-filing documents (i.e., responsive documents generated after October 6, 2017, the date on which this

litigation was filed) would be segregated from pre-filing documents.  These cover letters also request that, if the Court is inclined to review the post-filing documents, it appoint a special discovery master to do so.

CAG and GAT did not file these cover letters with the Clerk of Court, and it is not clear whether counsel for Plaintiffs received copies.  To avoid any *ex parte* communication and to ensure that the record is complete, the Court attaches the cover letters to this Minute Order as Exhibits A and B.  Before reviewing any of the segregated materials, the Court will schedule a telephonic conference with the parties to evaluate the scope of discovery and any applicable privilege and to determine whether appointment of a special discovery master is warranted.

The clerk is ordered to provide copies of this order to all counsel.

Filed March 12, 2019.

William M. McCool<br>
Clerk of Court<br>
<br>
s/Paula McNabb<br>
Deputy Clerk

Kathleen A. Nelson
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
Kathleen.Nelson@lewisbrisbois.com
Direct: 206.876.2965

March 1, 2019

File No. 41304.03

**PRIVILEGED & CONFIDENTIAL**

**VIA HAND DELIVERY**

Hon. Marsha J. Pechman
United States District Court for the Western
District of Washington
United States Courthouse
700 Stewart Street, Suite 14229
Seattle, WA 98101-9906

    Re:   *In Camera* Production
          *Plascencia v. Collins Asset Group, LLC, et al.*
          Civil Action No. 2:17-cv-01505-MJP

Dear Judge Pechman:

Enclosed herewith are the following documents, in compliance with the Court's order Granting Motion to Compel of February 22, 2019 (Dkt. 93):

(1) First amended privilege log dated February 13, 2019, which was included as Exhibit B to the Declaration of Michael Crossan (Dkt. 89-2) in support of Collins' Response to Motion to Compel (Dkt. 87);

(2) Unredacted documents produced to plaintiffs on February 11, 2019 and referenced on the February 13, 2019 privilege log (Bates Nos. COLLINS000153-204);

(3) Second Amended Privilege Log dated March 1, 2019 addressing the documents that are being produced to the Court today for *in camera* review (#4-5 below);[1]

(4) CAG policies and procedures (Bates Nos. COLLINS000205-319); and

---

[1] The *in camera* production contains documents subject to the stipulated protected order and therefore they are stamped confidential throughout.

(5) Communications between CAG and co-defendant Gordon Aylsworth & Tami, P.C. ("GAT"), separated into two categories: (a) communications dated before October 6, 2017 (Bates Nos. COLLINS000320-414); and (b) communications dated after October 6th, when the instant matter was filed (Bates Nos. COLLINS000415-5999).[2]

To identify the email communications for *in camera* review, CAG used the following search parameters:

- Primary criteria - at least one email address ending in "GATLawfirm" in the From, To, CC, or BCC fields

- Secondary criteria - the email body or subject line had to contain at least one of the following key words:

    o Plascencia

    o Plascentia (alternate spelling to capture any communications that would have been missed because of this clerical error)

    o Case 2:17-cv-01505-MJP (case number for the instant matter)

    o Case 172-14488 (case number for the state collection action)

    o 1861834 (CAG's internal file number for the Plascencias)

For ease of reference, we have separated the communications portion of the *in camera* production into two envelopes: (1) communications dated before October 6, 2017; and (2) communications dated after October 6th, when the instant matter was filed. We respectfully request an opportunity to confer with the Court before the post-October 6th portion of the production is reviewed. Depending on the Court's decision as to whether the post-October 6th production should be reviewed, CAG may join in a motion to appoint a special master to review this portion of the production, if one will not be appointed by the Court.

We wish to inform the Court that we are utilizing our best efforts to fully comply with the Court order. Due to the volume of the documents being produced, most of which are post-litigation communications, and our time constraints, we are not able to identify the privilege on a document by document basis of those documents being produced today, but have noted the documents and privilege by category of documents. We respectfully request that the Court conduct its review of the documents, and we will provide further detail to these categories of documents if the Court deems it necessary. In the alternative, if the Court requires us to list the documents individually,

---

[2] Due to the volume of the communications category of documents, they are contained in the accompanying bankers' boxes.

please let us know. We will utilize all the resources we have to ensure full compliance with the Court's order.

Finally, we wish to inform the Court that CAG's 50% share of the attorneys fees awarded in the Order was sent by check via overnight mail to plaintiffs' counsels' office yesterday. Plaintiffs' counsel has confirmed receipt.

Very truly yours,

Kathleen A. Nelson of
LEWIS BRISBOIS BISGAARD & SMITH LLP

KAN

Enclosures



March 1, 2019

FILED _____ ENTERED
_____ LODGED _____ RECEIVED

SG   MAR 0 1 2019

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY _____ DEPUTY

**VIA HAND DELIVERY**
Honorable Marsha J. Pechman
United States Courthouse
Clerk's Office, Lobby Level
700 Stewart Street, Suite 2310
Seattle, WA 98101

  Re: *James Plascencia, et al. v. Collins Asset Group, LLC, et al.*
     USDC – W.D. of Washington at Seattle Case No. 2:17-CV-01505-MJP
     Our File No. 00033-0270

Dear Judge Pechman:

Per your February 22, 2019, Order Plaintiffs' Motion to Compel, enclosed are the following documents for *in camera* review:

1. Gordon Aylworth & Tami, PC's ("GAT") History Report for the Plascencia case from February 16, 2017 through August 16, 2017 (Bates nos. GAT- Plascencia 213-231);

2. GAT's Firm SOP (Standard Operating Procedures) (Bates nos. GAT- Plascencia 260-352);

3. GAT's History Report for the Plascencia case from February 16, 2017 through February 28, 2019 (Bates nos. GAT- Plascencia 353-555);

4. Attorney-client email communications relating to the state court matter and exchanged between GAT and its client, Collins Asset Group ("CAG") that do not appear to be incorporated into the above-referenced History Reports. (Bates nos. GAT- Plascencia 556-637). These emails are physically included with GAT's History Report identified in No. 3, *supra*.

We are also providing Your Honor with GAT's Amended Privilege Log ordered by the Court and GAT's Second Amended Responses to Plaintiffs' First Requests for Production which asserts objections with greater specificity based on the court's rulings in this matter, and that is updated to reflect documents recently produced by GAT's client, codefendant Collins Asset Group; both were served on plaintiffs' counsel today.

Additionally, within its production to the Court for *in camera* review, GAT has segregated the copy of its History Report that contains information regarding events that

Kelly F. Huedepohl
khuedepohl@keatingjones.com

occurred after the FDCPA lawsuit was filed, along with any email communications not obviously incorporated into GAT's History Report. This portion of the History Report and related emails contain privileged information directly related to this litigation, including communications between GAT and its current counsel, communications related to settlement and litigation strategy for this case, and other protected and confidential information about this FDCPA case. GAT respectfully requests the opportunity to confer with the Court and counsel before this portion of its History Report and related emails are reviewed *in camera* by the Judge sitting on this matter. GAT intends to file a motion asking the Court to appoint a special discovery master if it is determined that this segregated portion of GAT's History Report or the related correspondence should be reviewed *in camera*.

As part of the ongoing discovery process, defendant may identify additional documents reflecting communications between GAT and its client. To the extent those communications are not reflected in the History Reports provided herein, we will promptly supplement our disclosures for *in camera* review and update the privilege log to include those communications should the Court so desire.

Also enclosed is an index of the documents previously provided to plaintiffs' counsel to show the source documents related to plaintiffs' debt that GAT produced to plaintiffs. A copy of the index is simultaneously being provided to plaintiffs' counsel. I note that the portions of the Firm SOP identified as responsive to plaintiff's Interrogatory No. 23 and Request for Production No. 24 were previously produced to plaintiffs at GAT-Plascencia 254–259.

Finally, our office has received written confirmation that plaintiffs' counsel received a check for one half of the amount you ordered, $4,993.75, sent on behalf of defendant GAT. Our office has received assurances that codefendant has sent or will timely send a second check for the remaining amount owed under your Order on behalf of defendant Collins Asset Group.

Should you have any questions please let me know.

Thank you.

Respectfully,

*Kelly F. Huedepohl*

Kelly F. Huedepohl
kHuedepohl@keatingjones.com

KFH:ls
Enclosures
cc (enclosures only as specified):   V. Omar Barraza (*via email and regular mail*)
Christina L. Henry (*via email and regular mail*)